NELLIE QUINLEN, an Infant, by Her Guardian ad Litem, Respondent, v. JAMES H. WELCH, Appellant.

*Right of action under the Civil Damage Act — posthumous child.*

The right of action given by the Civil Damage Act (Chap. 646, Laws of 1873) to every child who shall be injured in means of support in consequence of the intoxication of any person, extends to a child of a father killed through intoxication, although such child may be born after the death of the father.

APPEAL by the defendant, James H. Welch, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Cattaraugus county on the 12th day of September, 1892, upon a verdict rendered at the Cattaraugus Circuit, and from an order denying the defendant's motion for a new trial, made upon the minutes.

*J. Arthur Corbin*, for the appellant.

*F. W. & E. F. Kruse*, for the respondent.

HAIGHT, J.:

This action was brought to recover damages under chapter 646 of the Laws of 1873, known as the " Civil Damage Act."

The evidence tends to show that the defendant was the owner of the premises and rented them to one O'Leary; that intoxicating drinks were sold to Dennis Quinlen; that he became intoxicated, wandered upon the railroad track, and was run down and killed by a passing train.

The plaintiff is a daughter of the deceased, but was born one day after his death, and the question is as to her right to maintain this action.

The act gives a right of action to every husband, wife, *child*, etc., who shall be injured in person or property or means of support by any intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person, against any person or persons who shall by selling or giving away intoxicating liquors have caused the intoxication in whole or in part of such person or persons, and any person or persons owning or renting or permitting the occupation of any building or premises and having knowledge that intoxicating liquors are to be sold therein.

The question, therefore, is as to whether the plaintiff is a *child* within the meaning of this statute.

She was, as we have seen, *en ventre sa mere*, and such a child, for the purpose of enabling it to take an estate or for any purpose which is for its benefit, is regarded to be *in esse* if it should afterwards be born alive.

Blackstone says such an infant is supposed to be born for many purposes. It is capable of having a legacy or a surrender of a copyhold estate made to it. It may have a guardian assigned to it, and it is enabled to have an estate limited to its use and to take afterwards by such limitation as if it were then actually born. (1 Black. Comm. 130.)

It has been held that the civil rights of such an infant are equally respected at every period of gestation; and it is clear that, no matter at how early a stage, it may be appointed an executor, is capable of taking as legatee or under a marriage settlement, may take specifically under a general devise as a child, and may obtain an injunc-

tion to stay wastes. (Wharton's Am. Cr. Law, 537; *Com.* v. *Parker*, 9 Metc. 263; *State* v. *Cooper*, 2 Zabr. 57; *Smith* v. *State*, 33 Maine, 48; *In the Matter of Winne, an Infant*, 1 Lans. 508–513; *Marsellis* v. *Thalhimer*, 2 Paige, 35; *Hone* v. *Van Schaick*, 3 Barb. Ch. 488–509; *Jenkins* v. *Freyer*, 4 Paige, 47–53; 10 Am. & Eng. Ency. of Law, 624.)

We are aware that these cases chiefly relate to the distribution of estates of deceased persons, and it may be claimed that the rule adopted in such cases should not be applied to the one under consideration.

Our attention has been called to no case in which the Civil Damage Act has become the subject of judicial construction as to this question.

The statute gives to a child the right of action for an injury to its means of support.

A child during the years of its infancy before arriving at an age that it can care for and maintain itself, is entitled to receive support from the parent, and if deprived of such parent, suffers damage in its means of support. An unborn child, if subsequently born alive, if deprived of a parent suffers in its means of support equally with the children that were living at the time of the decease of such parent. Such a child, as we have seen, is regarded as in being and is placed upon an even footing with the living children in reference to the distribution of the estate of a deceased parent; and no reason is apparent why the same rights should not be extended to such a child under the act in question.

In the case of *The George and Richard* (L. R. [3 Adm.] 465), an action was brought in Admiralty to limit the liability of the owners of the brig *George and Richard* against the owners of the bark *Eluthuria*. A collision had occurred between the vessels, the result of which was the drowning of Philip Noyes. He left a widow him surviving *enceinte*. The widow appeared in the action in behalf of her unborn child, and it was held that in case the child should be born alive it would be entitled to damages, and the judgment entered in the case reserved the rights of the infant when born to prefer its claim for damages before a register. The action was based upon an act known as Lord Campbell's Act (9 and 10 Vict. chap. 93). It gave to the widow and children compensation in cases where the act,

neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action at common law. As damages it gave the pecuniary loss. The decision was based upon the theory that had the father of the child not been killed by the collision, he would in the ordinary course of things have contributed to the support of the child when born.

In this respect the case has an important bearing upon the one under consideration.

In the case of *Walker* v. *The Great Northern Railway Company of Ireland* (28 L. Rep. [Ireland] 69 ; S. C., 26 Am. Law Rev. 50), reference to which is made in volume 43 Albany Law Journal, 464, the action was brought by the infant for damages it had sustained before birth whilst the mother was traveling upon the defendant's railway. It was held that she could not recover, but the decision appears to have been placed upon the ground that the railroad company had contracted only to carry the mother, to whom it alone was liable for any injury resulting from the negligence of its servants ; that whilst the railroad company must be regarded as the common carrier of the mother, under the law of the " Emerald Isle," as understood by the court, the mother was the common carrier of her unborn child.

We do not regard this case as in conflict with any of the views expressed in the case of the " *George and Richard* " (*supra*).

The questions raised in reference to the repeal of the Civil Damage Act, by chapter 403 of the Laws of 1892, have been considered by us at this term of court in the case of *Reinhardt* v. *Fritzsche.**

The judgment should, therefore, be affirmed.

DWIGHT, P. J., LEWIS and MACOMBER, JJ., concurred.

Judgment and order appealed from affirmed.

*Rep. *ante,* page 565.