JOSEPH DROBNER, an Infant, by SARAH DROBNER, His Guardian ad Litem, Respondent, *v.* AUGUST L. PETERS, Appellant.

**Negligence — injury to unborn child caused by fall of his mother into coal hole in sidewalk left open by defendant — such child, after birth, has no cause of action.**

The great weight of authority is against a contention that an unborn child has a right of immunity from personal harm; hence, when plaintiff's mother, eleven days before he was born, fell into a coal hole in the sidewalk, negligently left uncovered by defendant, and plaintiff, in his mother's womb, sustained injuries, he has no cause of action.

*Drobner* v. *Peters,* 194 App. Div. 696, reversed.

(Argued November 22, 1921; decided December 6, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 14, 1921, which affirmed an order of Special Term denying a motion by defendant for judgment on the pleadings.

The following question was certified: Does the complaint herein state facts sufficient to constitute a cause of action.

*William Dike Reed* and *William B. Shelton* for appellant. . Since the right of an infant to bring an action after birth for prenatal tort injuries has never been recognized at common law, the defendant's demurrer to the complaint should be sustained. (*Dietrich* v. *Northampton,* 138 Mass. 14; *Walker* v. *Great Northern Ry. Co.,* 28 L. R. [Ir.] 69; *Allaire* v. *St. Luke Hospital,* 184 Ill. 359; 76 Ill. App. 441; *Gorman* v. *Budlong,* 23 R. I. 169; *Kirk* v. *Middlebrook,* 201 Mo. 245, 286; *Buel* v. *United Ry. Co.,* 248 Mo. 126; *Lipps* v. *Milwaukee E. R. & L. Co.,* 164 Wis. 272.) The doctrine that an unborn child is *in esse* in the law of property is a mere

legal fiction of the civil law, and the ecclesiastical and admiralty courts, not recognized by the courts of the common law. (*Allaire* v. *St. Luke Hospital*, 184 Ill. 359; *Lipps* v. *Milwaukee E. R. & L. Co.*, 164 Wis. 272; *Buel* v. *United Ry. Co.*, 248 Mo. 126; *Gorman* v. *Budlong*, 23 R. I. 169; *Dietrich* v. *Northampton*, 138 Mass. 14.)

*David Batt* and *J. M. Cohen* for respondent. The infant plaintiff has an action for his prenatal injuries. (*Herndon* v. *St. Louis & S. F. R. Co.*, 128 Pac. Rep. 727; *Galveston* v. *Contreras*, 72 S. W. Rep. 1051; *Cooper* v. *Heatherton*, 68 App. Div. 561; *Nugent* v. *B. H. R. R. Co.*, 154 App. Div. 667; Shearman & Redfield on Negligence, § 116; *Lipps* v. *M. E. R. L. Co.*, 164 Wis. 672; *Kujek* v. *Goldman*, 150 N. Y. 176; *Norton* v. *Randolph*, 176 Ala. 381; *Hundley* v. *L. & N. R. Co.*, 105 Ky. 162.)

POUND, J. Defendant negligently permitted a coal hole in the sidewalk in front of his premises to remain uncovered. Plaintiff's mother fell into it. Plaintiff, in his mother's womb, sustained injuries. Born eleven days after the accident, he now brings this action. It is contended that at the time of the injury he was not a person but was a part of the body of his mother and that, as the injury was to his mother, he has no cause of action.

Mr. Justice HOLMES said in 1884 in *Dietrich* v. *Northampton* (138 Mass. 14) that no case so far as he knew had ever decided that an infant could maintain an action for injuries received in the mother's womb. The great weight of authority is still against the plaintiff's contention that the unborn child has a right of immunity from personal harm (*Allaire* v. *St. Luke's Hospital*, 184 Ill. 359; *Walker* v. *Great Northern Ry. Co.*, 28 L. R. Ir. 69; *Gorman* v. *Budlong*, 23 R. I. 169; *Buel* v. *United Rys. Co.*, 248 Mo. 126; 154 S. W. Rep. 71; *Lipps* v. *Milwaukee El. Ry. & L. Co.*, 164 Wis. 272), although much judicial argument has been advanced to support a contrary ruling. (*Nugent* v.

*Brooklyn Heights R. R. Co.* 154 App. Div. 667; dissenting opinion, BOGGS, J., *Allaire* v. *St. Luke's Hospital, supra;* Beven on Negligence [3d ed.], 73, 76.)

In *Quinlen* v. *Welch* (69 Hun, 584) it was held that a child born after the father's death was a child at the time of the injury which caused the death, within the meaning of the Civil Damage Act (L. 1873, ch. 646), and as such was entitled to maintain an action for injury in means of support against the person who sold intoxicating liquors to the father, but this court on appeal (141 N. Y. 158, 165) carefully declined as unnecessary to the decision either to approve or disapprove the views expressed by HAIGHT, J., below.

The reasons given to defeat recovery in such a case are: lack of authority; practical inconvenience and possible injustice; no separate entity apart from the mother and, therefore, no duty of care; no person or human being *in esse* at the time of the accident. They are not absolutely conclusive against the infant *en ventre sa mere.* " The law in many cases hath consideration of him in respect of the apparent expectation of his birth." (7 Coke Rep. 8b.) By a legal fiction or indulgence, a legal personality is imputed to an unborn child as a rule of property for all purposes beneficial to the infant after his birth (*The George & Richard,* L. R. 3 Ad. & Ecc. 466), but not for purposes working to his detriment. (*Villar* v. *Gilbey,* [1907] A. C. 139, 145.) By the criminal law, such being the solicitude of the state to protect life before birth, it is a great crime to kill the child after it is able to stir in the mother's womb by any injury inflicted upon the person of the mother (Penal Law, § 1050), and it may be murder if the child is born alive and dies of prenatal injuries. (*Clarke* v. *State,* 117 Ala. 1.) If the mother, with the intent to produce her own miscarriage, produces the death of the quick child whereof she is pregnant she may be guilty of manslaughter. (Penal Law, § 1052.) If the child is not quick, it may be felony to produce a miscarriage. (Penal

Law, §§ 80, 81.)   If a female convict under sentence of
death is quick with child she may not be executed.   (Code
Crim. Pro. §§ 500, 505.)   Many authorities are collected
in the comprehensive prevailing opinion below.   While
they tend to cloud the real issue, they are not controlling.
Rights of ownership of property do not connote a duty
of personal care to the inchoate owner, nor does the
crime of causing the death of an unborn child connote
liability to the child for personal injuries.   When justice
or convenience requires, the child in the womb is dealt
with as a human being, although physiologically it is a
part of the mother, but the law has been fairly well
settled during its centuries of growth against the benefi-
cence of an artificial rule of liability for personal injuries
sustained by it.

Does the present case permit the establishment · by
judicial decision of the rule that the innocent infant need
not bear unrequited the consequences of another's fault?
In the mother's womb he had no separate existence of his
own.   When born he became a person.   He carried the
injuries out into the world with him.   His full rights as a
human being sprang into existence with his birth.   No
longer may it be urged that the mother alone is injured.
The presence of the injured child refutes that theory.
Did he succeed to his mother's rights?

The modern tendency of decided cases is to ignore
fictions and deal with things as they are.   At common
law a cause of action for personal injuries did not survive
if death resulted from another's negligence or wrongful
act.   Lord Campbell's Act, passed in England in 1846,
and followed generally in this state (Code Civ. Pro.
§ 1905), was necessary to correct this omission.   May
this court attach an unnatural meaning to simple words
and hold independently of statute that a cause of action
for prenatal injuries is reserved to the child until the
moment of its birth and then accrues?   The formulation
of such a principle of legal liability against precedent and

[232 N. Y. 224]     Statement of case.     [Dec.,

practice may, be a tempting task to which sympathy and natural justice point the way, but I cannot bring myself to the conclusion that plaintiff has a cause of action at common law. The injuries were, when inflicted, injuries to the mother. No liability can arise therefrom except out of a duty disregarded and defendant owed no duty of care to the unborn child in the present case apart from the duty to avoid injuring the mother.

Strong reasons of public policy may be urged both for and against allowing the new right of action. The conditions of negligence law at the present time do not suggest that the reasons in favor of recovery so far outweigh those which may be advanced against it as to call for judicial legislation on the question.

The order appealed from should be reversed and the motion for judgment on the pleadings granted, with costs in all courts, and the question certified should be answered in the negative.

HISCOCK, Ch. J., HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., dissents.

Order reversed, etc.