In the Matter of the Final Judicial Settlement of the Account of Proceedings of HARRY W. LESLIE and the NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, N. Y., as Trustees under the Last Will and Testament of JOHN STEVEN McEWAN, Deceased.

HENRY G. McEWAN, as General Guardian of CATHERINE McEWAN, an Infant, Appellant; CATHARINE A. LESLIE LENG and Others, Respondents.

Third Department, July 6, 1922.

**Wills — construction — remainder over after termination of trust to be divided into shares necessary for distribution to certain named children and grandchildren and to " the rest of my direct grandchildren "— grandchild born three months after execution of will and fifteen days after testator's death entitled to share.**

Under a will which devised property in trust and provided that after the termination of the trust the principal thereof should be divided into as many equal parts as might be necessary to distribute the residue to a named child and certain named grandchildren and to " the rest of my direct grandchildren the remaining shares of my said residue, and not hereinbefore specifically devised or bequeathed, equally share and share alike, *per stirpes* and not *per capita*," a grandchild born three months after the execution of the will and fifteen days after the death of the testator is entitled to a share of the said residue for three reasons: *First,* the devise was given to a class consisting of the testator's grandchildren and one

daughter, but the right of enjoyment was postponed until the termination of the trust, and so the property vested in all the children in existence at the testator's death, but subject to the devise being opened to let in children who came into existence after testator's death; *second,* the afterborn child, who at the time of the execution of the will and at the time of the death of the deceased was a child *en ventre sa mere* will be considered as *in esse* for the purpose of enabling it to take an estate and is on a parity in this case with the other remaindermen of the trust fund; *third,* the language used by the testator indicates that he contemplated afterborn grandchildren.

APPEAL by Henry G. McEwan, as general guardian, etc., from a decree of the Surrogate's Court of Albany county, entered in the office of said Surrogate's Court on the 21st day of April, 1922, settling the accounts of the trustees herein and construing the will of the above-named testator, except from so much thereof as awards costs and allowances.

The will of the testator was executed December 4, 1914. He died on February 7, 1915. The infant appellant was born March 14, 1915, and is the daughter of Henry G. McEwan who was a son of the testator. The decree under review excludes her from participation in a trust estate created by the testator in the 5th and 6th paragraphs of his will which are as follows, no other part of the will requiring consideration:

"*Fifth.* After the payment of said debts and legacies as above directed, I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, to my son-in-law Harry W. Leslie and to the Union Trust Company of Albany, N. Y., who are my executors and trustees hereinafter named and appointed, in trust, for the period of five years from and after the last of said payments of said debts and legacies, for the following named uses and purposes, to wit: Said executors shall receive said residue and all income, profits and interest thereon, and shall keep the same invested during said five years, and shall, during that period, and at least quarterly, pay to my said daughter, Catharine Beverly Leslie, the net income, profit and interest on said residue.

"*Sixth.* At the end of said five years, or upon the death of my said daughter before that time, said residue shall be divided and distributed by my said executors and trustees, as follows, to wit: They shall divide said residue into as many equal parts or shares as may be necessary to distribute said residue as follows, to wit: To my said daughter, Catharine Beverly Leslie, one of said shares. To my grandson, James B. McEwan, child of my said son, John S. McEwan, one of said shares. To the children of my said son, Robert L. McEwan, two of said shares, which are to be divided equally among them, share and share alike. (If any of the children of my son Robert shall not survive me, and shall die without issue

them surviving, the share or shares of the one or those so dying shall revert to and become a part or parts of said residue, respectively, and shall be divided equally among my other direct grandchildren, *per stirpes*, share and share alike.)  To the rest of my direct grandchildren the remaining shares of my said residue, and not hereinbefore specifically devised or bequeathed, equally share and share alike, *per stirpes* and not *per capita*."

Catharine Beverly Leslie survived the five-year period specified in the will.  The only grandchild of the deceased living at the time of his death for whom specific provision was not made in said 6th paragraph was Catharine A. Leslie Leng, daughter of the said Catharine Beverly Leslie.  The decree divides the residuary estate into five shares excluding the infant appellant who was born fifteen days after the death of the testator.  It is claimed in behalf of the latter that the residuum should be divided into six shares, to one of which she should be entitled.

*Harry Cook*, for the appellant.

*Newton B. Van Derzee*, for the respondent Catharine A. Leslie Leng.

*Melvin T. Bender*, for the respondents John S. McEwan and another, as guardians.

COCHRANE, P. J.:

The contention of the respondents which has thus far prevailed is that the residuary estate of the decedent vested at the time of his death and that the appellant not having been in existence at that time is, therefore, excluded from participation therein. Assuming that the estate did so vest the conclusion does not follow that the appellant may not share therein.

*First.* The estate is given to a class consisting of the testator's grandchildren and one daughter, but the right of enjoyment thereof is postponed for five years or until the death of said daughter should that sooner occur.  We think this case falls within the rule that " the devise or bequest of a corpus or aggregate fund to children as a class, where the gift is not immediate, vests in all the children in existence at the testator's death, but so as to open and let in children who may come into existence afterwards at any time before the fund is distributable."  (1 Schouler Wills [5th ed.], § 530.)  The author adds that this rule of construction " extends its favor to grandchildren, issue, brothers, nephews, and cousins."  This was the familiar English rule which has been adopted and has become part of the judicial system of this State. (*Matter of United States Trust Co.*, 175 N. Y. 304, 310; *Tucker*

v. *Bishop*, 16 id. 402; *Byrnes* v. *Stilwell*, 103 id. 453; *Haug* v. *Schumacher*, 166 id. 506; *Corse* v. *Chapman*, 153 id. 466.)

*Second.* The appellant at the time of the execution of the will and at the time of the death of the deceased was a child *en ventre sa mere* and such a child is considered as *in esse* for the purpose of enabling it to take an estate. (*Matter of Voight*, 178 App. Div. 751; *Cooper* v. *Heatherton*, 65 id. 561; *Quinlen* v. *Welch*, 69 Hun, 584.) In the latter case HAIGHT, J., says: " It has been held that the civil rights of such an infant are equally respected at every period of gestation; and it is clear that, no matter at how early a stage, it may be appointed an executor, is capable of taking as legatee or under a marriage settlement, may take specifically under a general devise as a child, and may obtain an injunction to stay wastes. [Wharton's Am. Cr. Law, 537; *Commonwealth* v. *Parker*, 9 Metc. 263; *State* v. *Cooper*, 2 Zabr. 57; *Smith* v. *State*, 33 Maine, 48; *In the Matter of Winne, an Infant*, 1 Lans. 508, 513; *Marsellis* v. *Thalhimer*, 2 Paige, 35; *Hone* v. *Van Schaick*, 3 Barb. Ch. 488, 509; *Jenkins* v. *Freyer*, 4 Paige, 47, 53; 10 Am. & Eng. Ency. of Law, 624.]" The learned jurist then remarks concerning these authorities that they chiefly relate to the distribution of estates of deceased persons. In *Drobner* v. *Peters* (232 N. Y. 220) it was held that an infant does not have a cause of action for negligence resulting in pre-natal injuries. The court withheld its approval of the applicability of the reasoning of HAIGHT, J., in the *Quinlen* case to the question it had under consideration, but there is no disclaimer of the rule that an unborn child may have a right of ownership in property. On the contrary, such rule seems to be recognized in the *Drobner* case, the court saying: " By a legal fiction or indulgence, a legal personality is imputed to an unborn child as a rule of property for all purposes beneficial to the infant after his birth (*The George & Richard*, L. R. 3 Ad. & Ecc. 466), but not for purposes working to his detriment. [*Villar* v. *Gilbey*, L. R. [1907] App. Cas. 139, 145.]" And in respect to the rule of liability for personal injuries which was the question there under consideration it was concluded that " rights of ownership of property do not connote a duty of personal care to the inchoate owner." On the strength of the foregoing authorities we conclude that the infant appellant is on a parity with the other remaindermen of the trust fund.

*Third.* The language used by the testator indicates that he contemplated afterborn grandchildren. He says: " To the rest of my direct grandchildren the remaining shares of my said residue * * * equally share and share alike." When he made his will and when he died there was only one grandchild as disclosed by the record, Catharine A. Leslie Leng, who could be included

in that statement. All the others had been specifically provided for. The language is most inapt and inaccurate unless the testator was anticipating the future. It is argued that when he made his will his vision was bounded by the occurrence of his death, but it does not seem to us that this is a reasonable interpretation of his mental attitude at that time or that he intended to make a distinction between grandchildren who might be born thereafter but before his death, and those who might be born after his death.

The decree should be modified so as to provide that the infant appellant shall receive one-sixth of the trust estate, and as so modified affirmed, with costs to all parties filing separate briefs herein payable out of the estate.

Decree modified so as to provide that the infant appellant shall receive one-sixth of the trust estate, and as so modified unanimously affirmed, with costs to all parties filing separate briefs herein payable out of the estate.