In the Matter of the Final Judicial Settlement of the Accounts of
WILHELMINA GROTH, Deceased.

Surrogate's Court, Westchester County, March 9, 1927.

**Wills — construction — will, after reciting bequest of absolute fee in real estate to son, provided property should not be mortgaged or sold and should eventually go to son's children and that son might disinherit children — provisions as to mortgage or sale and as to disinheriting children are invalid — will construed as giving life estate to son with remainder to children — grandson, born five months after testatrix's death, entitled to share in residuary estate.**

A will which, after reciting a bequest of an absolute fee in testatrix's real estate to her son, provided that the property should not be mortgaged or sold during the lifetime of said son and should eventually go to said son's children, and that should any one of the son's children turn out bad the son might disinherit such child as to the property in question, must be construed as giving a life estate to the son with the remainder to his children as a class to be determined at his death. The words of complete gift are limited by the provision that the property shall eventually go to the children.

The condition with reference to the property being mortgaged or sold is illegal and void.

The provision relating to the right of the son to disinherit a child is uncertain, indefinite and void.

A grandson, born five months after the death of the testatrix, is entitled to share in the residuary estate.

. ACCOUNTING proceeding involving construction of will.

*Frederick T. Burns*, for the executors.

*John Eugene Baker, Jr.*, special guardian.

SLATER, S. Construction is sought of the 3d paragraph of the will, which is as follows:

" I give and devise to my son Gustav Adolf Groth my house and lots on Rose Street, in Uniontown, Hastings-on-Hudson, N. Y., said lots being numbered 352, 353 and 354 respectively on ' Map of Lots in Uniontown.' I make this bequest with this condition that said house and lots are not to be mortgaged, transferred or sold during the lifetime of my son Gustav Adolf or during the minority of his children but should eventually go to my son's, that is, Gustav Adolf's children. Should anyone of my son's, that is, Gustav Adolf's children turn out bad, my son Gustav Adolf has herewith the right to disinherit such child as far as this house and these lots are concerned."

The intention of the testator should be sought. Was it his intention that the son Gustav Adolf should enjoy a fee estate, or only a life estate in the property described in the 3d paragraph of

the will, with remainder to Gustav's children? The first part of
the paragraph standing alone would create a fee in the son abso-
lutely and without qualification, but it does not stand alone. It is
quite different from the case of *Banzer* v. *Banzer* (156 N. Y. 429).
It is immediately without the intervention of any other provision
followed by a second sentence which is clearly connected with
and related to the first sentence. The second sentence must
necessarily refer to the first sentence and to the property described
in it. The condition with reference to the property being mortgaged
and transferred or sold is illegal and void contravening the statute.
The 3d clause relating to the right of the son to disinherit a child
is uncertain, indefinite and void. Thus, we have the first sentence
creating the words of complete gift, with the second sentence,
which is made upon condition that the property " should eventually
go to my son's, that is, Gustav Adolf's children."

I shall hold that the will gave a life estate in the real estate in
Hastings-on-Hudson to the son Gustav, with the remainder in
his children as a class to be determined at his death. (*Mee* v.
*Gordon,* 187 N. Y. 400.)

William John Groth, the grandson who was born five months
after the death of the testatrix, is entitled to share in the residuary
estate given by paragraph 5 of the will. (*Matter of McEwan,*
202 App. Div. 50.)