In the Matter of the Estate of " CHARLES " ROBERTS, Deceased.

Surrogate's Court, New York County, March 4, 1936.

*Herman Wolen,* for the petitioner.

DELEHANTY, S. The wife of petitioner died on June 21, 1935, as the result of personal injuries. After her death an autopsy disclosed that she had been pregnant about five months with a male child. Petitioner here seeks letters of administration upon the estate of this unborn child and alleges " that a cause of action exists for damages for the death of the deceased as a result of personal injuries he sustained by being hit by an automobile * * * on June 20, 1935."

While authorities are legion that a child *en ventre sa mere* is deemed to be a person and to have a separate identity for the purpose of protection of his property rights, the rule has been made solely for the protection of the child and not for the benefit of those who take through the child. In a physiological sense an unborn child is a part of the body of his mother and no legal personality is imputed to him except in so far as is necessary to protect the child's own rights.

The demarcation between enforcement of a right of the child and of the rights of others through him is discussed by Chancellor WALWORTH in the case of *Marsellis* v. *Thalhimer* (2. Paige, 35). There the question was whether the widow of an intestate was entitled to take the whole or only a share of his personal estate. When the intestate died he had no children. Two months after his death, however, his widow was delivered of a full-grown but still-born child. She claimed the whole estate of the intestate, asserting her admitted right to a widow's share and her succession to the rights of her child to the remainder. It is to be noted that the widow was thus claiming for her own benefit *through* her child and not *for* her child. The chancellor held that she was limited to her widow's share and that the " fiction of law " which considers an unborn child as a person in being is indulged in only for the sake of the child. He instanced the rule that even the birth alive of a child might, in unusual circumstances, be insufficient to secure a curtesy right to the father — thus sharply affirming that this " fiction of law " could never be the basis of the rights of others. The chancellor said: " In the analogous case of a tenancy by the curtesy, it is well settled that the child must be born alive in the lifetime of the mother, to entitle the father to the estate. And even the delivery of the child alive, by the caesarian operation, after the death of the mother is not sufficient. In that case, therefore, the rule holds that the unborn child may take the estate for its own

benefit, but is not to be considered as in existence for the benefit of another person." Thus even if this were a case of property succession no rights of the father could be based upon the fact that the child was quick when his mother was killed.

The position of petitioner suffers from a fundamental and inescapable defect on statutory grounds. The cause of action for death is a creature of statute. Section 130 of Decedent Estate Law gives a right of action " for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action *in favor of the decedent* by reason thereof if death had not ensued." There is specific limitation, therefore, of death actions to such as are based upon injuries which, if non-fatal, would give to the deceased himself a right of action. Thus it is essential that petitioner show that a right of action would have existed in favor of this unborn child had his mother not been killed and had he been safely delivered. In the State of New York it is now settled law that such a right of action does not exist. In *Drobner* v. *Peters* (232 N. Y. 220) the point was squarely passed upon and the pre-natal injury suffered by a child born eleven days after his mother was injured by negligence was held not to be the basis to an action in his behalf. He was held not to have had at the date of the accident any legal personality for the purpose of an action for his injuries. That case is controlling here. If this unborn child could not, after birth, enforce a claim for pre-natal injuries his father may not enforce a claim for damages in his own behalf because the injury which killed the mother also resulted in the cessation of the embryonic life of the child.

The application for limited letters of administration is denied on the merits because it appears on the face of the petition and supporting affidavit (1) that the person alleged to be a deceased person never had a legal existence, and (2) that the property right alleged as the basis for the petition (*i. e.*, the cause of action) never came into existence. If review is desired a decree may be submitted reciting the petition and affidavit and this decision and denying letters.