## (June 19, 1951.)

■

ROBERT C. WOODS, an Infant, by ESTELLE WOODS, His Guardian ad Litem, Appellant, v. JOSEPH LANCET, Respondent.

Order affirmed, with $20 costs and disbursements to respondent (see *Drobner v. Peters*, 232 N. Y. 220).

SHIENTAG, J. (concurring). If the question were an open one in this jurisdiction, I should hold that, when a pregnant woman is injured through negligence and the child subsequently born suffers deformity or other injury as a result, recovery therefor may be allowed to the child, provided the causal relation between the negligence and the damage to the child be established by competent medical evidence. However, in 1921 the Court of Appeals of this State, squarely decided otherwise (*Drobner* v. *Peters*, 232 N. Y. 220, CARDOZO, J., dissenting without opinion). It is not sought to distinguish the instant case from the *Drobner* case in any respect. That being so, I feel bound by the earlier decision. With this explanation, I vote for affirmance.

HEFFERNAN, J. (dissenting). The facts in this case are not in dispute. Appellant was *en ventre sa mere* in the ninth month of his mother's pregnancy when she fell down a stairway in a multiple dwelling house, causing injuries to herself and child who was born thirteen days after the accident and who is still surviving.

Thereafter appellant instituted this action to recover damages which he sustained as a result of the mother's accident. In the complaint, the allegations

of which must be deemed to be true, it is alleged that by reason of respondent's negligence in causing the accident to his mother, appellant was born in a maimed and disabled condition and is suffering from internal and external injuries.

On this appeal, the only question for determination is whether or not the infant may maintain an action against respondent for prenatal injuries. The life of an infant begins at the moment of conception in the mother's womb. This view is adopted in the law of inheritance (27 Am. Jur., Infants, § 3).

We concede that no adjudicated case in this State can be found wherein a plaintiff was awarded damages for injuries inflicted upon his person while in the womb of his mother. In fact the case of *Drobner* v. *Peters* (232 N. Y. 220), decided thirty years ago by a divided court, is directly to the contrary. In view of the lapse of so many years since that pronouncement was made, it may well be that the court of last resort may feel disposed to re-examine the question.

However, an adjudicated case is not indispensable to establish a right to recover under the rules of the common law. Precedent is merely a guide; its absence never a bar. The fact that there is no precedent is not conclusive. The law would be an absurd science were it founded on precedents only. The absence of precedent should give no immunity to one who by his wrongful act has invaded the right of an individual. No right is more inherent, more sacrosanct, than that of an individual in his possession and enjoyment of his life, his limbs and his body. The law is not static and inert, but is sufficiently elastic to meet changing conditions. It is presumed to keep pace with present-day concepts. To deny the infant relief in this case is not only a harsh result, but its effect is to do.reverence to an outmoded, timeworn fiction not founded on fact and within common knowledge untrue and unjustified.

Courts of repute in other jurisdictions have held that an unborn viable child is capable of independent existence and, hence, should be regarded as a separate entity (*Verkennes* v. *Corniea*, 229 Minn. 365; *Williams* v. *Marion R. T.*, 152 Ohio St. 114; *Bonbrest* v. *Kotz*, 65 F. Supp. 138; *Cooper* v. *Blanck*, 39 So. 2d 352 [La.]; *Montreal Tramways* v. *Leveille* [1933], 4 D. L. R. 337).

In many instances, these cases have cited with approval the language of Mr. Justice BOGGS who wrote the dissenting opinion in *Allaire* v. *St. Luke's Hosp.* (184 Ill. 359), wherein he stated (pp. 370–371):

" The argument is, that at the common law an unborn child was but a part of the mother, and had no existence or being which could be the subject matter of injury distinct from the mother, and that an injury to it was but an injury to the mother; that in such case there was but one person — one life,—that of the mother. A foetus in the womb of the mother may well be regarded as but a part of the bowels of the mother during a portion of the period of gestation; but if, while in the womb, it reaches that prenatal age of viability when the destruction of the life of the mother does not necessarily end its existence also, and when, if separated prematurely and by artificial means from the mother, it would be so far a matured human being as that it would live and grow, mentally and physically, as other children generally, it is but to deny a palpable fact to argue there is but one life, and that the life of the mother. Medical science and skill and experience have demonstrated that at a period of gestation in advance of the period of parturition the foetus is capable of independent and separate life, and that though within the body of the mother it is not merely a part of her body, for her body may die in all of its parts and the child remain alive and capable of maintaining life when separated from the dead body of the mother. If at that period a child so advanced is injured in

its limbs or members and is born into the living world suffering from the effects of the injury, is it not sacrificing truth to a mere theoretical abstraction to say the injury was not to the child, but wholly to the mother?

" A child *in ventre sa mere* was regarded at the common law as *in esse* from the time of conception for the purpose of taking any estate, whether by descent or device, or under the statute of distribution if the infant was born alive after such a period of foetal existence that its continuance in life was or might be reasonably expected (10 Am. & Eng. Ency. of Law, 624; Coke's Litt. 36). Blackstone, after declaring the right of personal security to be an absolute right, says: ' The right of personal security consists in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health and his reputation. Life is the immediate gift of God,—a right inherent by nature in every individual; and it begins, in contemplation of law, as soon as an infant is able to stir in the mother's womb.' "

In *Montreal Tramways* v. *Leveille* (*supra*) a verdict for an infant who was injured during the seventh month of his mother's pregnancy was affirmed by the Supreme Court of Canada. In that case the court wrote (p. 345): " If a child after birth has no right of action for pre-natal injuries, we have a wrong inflicted for which there is no remedy, for, although the father may be entitled to compensation for the loss he has incurred and the mother for what she has suffered, yet there is a residuum of injury for which compensation cannot be had save at the suit of the child. If a right of action is denied to the child it will be compelled, without any fault on its part, to go through life carrying the seal of another's fault and bearing a very heavy burden of infirmity and inconvenience without any compensation therefor. To my mind it is but natural justice that a child, if born alive and viable, should be allowed to maintain an action in the Courts for injuries wrongfully committed upon its person while in the womb of its mother."

In *Stemmer* v. *Kline* (128 N. J. L. 455) nine of the fifteen judges of the Court of Errors and Appeals held against the right of an infant to recover for injuries sustained prior to his birth; six of the judges concurred in the opposite conclusion, the opinion of the minority being written by Chief Justice BROGAN in which he said (p. 465) : " If the common law protects the rights of the unborn child and if every intendment in the law is favorable to him, the inference is inevitable that such unborn child is a person and possesses the rights that inhere in a person even though he is incapable himself to assert them. If the unborn child may not legally be deprived of his life it is hard to understand how that life may with impunity be totally impaired by the tort of a third person."

In the case before us, the infant survived the injury to his mother, and, hence, should be regarded as a distinct being toward whom the duty of exercising care existed and on principle, and regardless of precedents, recovery should be permitted, there being a wrong and resultant injury. On the record in this case, it cannot be said that only the mother was injured. Appellant's condition at birth completely refutes that argument. The order appealed from should be reversed and a new trial granted, with costs to abide the event.

Peck, P. J., Glennon and Callahan, JJ., concur in decision; Shientag, J., concurs in affirmance, in opinion; Heffernan, J., dissents and votes to reverse and grant a new trial, in opinion.

Order affirmed, with $20 costs and disbursements to respondent.