In the Matter of the Estate of '' BABY BOY '' SCANELLI, Deceased.

Surrogate's Court, Nassau County, July 6, 1955.

*Aaron J. Broder* for Vincent Scanelli, petitioner.

BENNETT, S. The petitioner is the father of a stillborn child who seeks to present a petition for letters of administration upon the ground that a right of action exists. This court has refused to entertain the petition upon the ground that there is no authority to issue such letters on a stillborn infant.

The problem presented is twofold and carefully considered in *Matter of Roberts* (158 Misc. 698). Letters of administration were denied in that case upon two grounds, the first of which was that the deceased never had a separate legal entity.

The second ground in the *Roberts* case was that no right of action existed in an unborn child for negligent injuries upon the doctrine of *Drobner* v. *Peters* (232 N. Y. 220). Since that time this doctrine in regard to injuries to an unborn child has been changed by *Woods* v. *Lancet* (303 N. Y. 349) and *Kelly* v. *Gregory* (282 App. Div. 543).

However both the *Woods* and *Kelly* decisions involve cases where the infant was born alive. The first ground of objection mentioned in *Matter of Roberts* (*supra*) is still applicable, to wit, that no legal personality ever existed in the case of a stillborn child. "The 'fiction of law' which considers an unborn child as a person in being is indulged in only for the sake of the child" (*Matter of Roberts,* 158 Misc. 698, 699, *supra*) and has not been extended to a person claiming through such child. Where the child is never born alive, no letters can issue because the person alleged to be a deceased person never had a legal existence.

The court must decline to accept and entertain the petition offered. If counsel so desires, an order may be submitted to this effect.