Burke, J. (dissenting in part).
The question before us in these first two causes of action is whether a personal representative may recover for the death of a child which results from injuries received while en ventre sa mere. The majority has concluded that such recovery should be denied. In so doing, they have set forth four reasons supporting their position. Briefly stated, their reasons are these: it was never the intention of the Legislature to include an unborn child within the meaning of the term “ decedent ” when they enacted the wrongful death statute in 1847; considerations of justice are absent where a foetus is ‘ ‘ deprived of life while yet unborn ’ ’; extreme difficulty is envisioned in proving damages and causation in an action of this type, and recognition of such a cause of action would create an 11 unmerited bounty ’ ’ for the parents who have lost their child. I have studied each of these proffered reasons and have concluded on close analysis that— whether considered individually or collectively—they are inadequate grounds for the decision reached today. I, therefore, .respectfully dissent.
Former section 130 of the Decedent Estate Law, which created the cause of action for wrongful death, is the natural object of our inquiry since, if there exists a wrongful death action in behalf of a stillborn foetus, it can only be by virtue of this section. So far as here pertinent, section 130 (re-enacted without modification in EPTL 5-4.1 states: ‘‘ The * * * administrator * * * of a decedent who has left him * * * surviving * * * next of kin * * * may maintain an action to recover damages for a wrongful act, neglect or default, *490 by which the decedent’s death was caused, against a natural person who * * * would have been liable to an action in
favor of the decedent by reason thereof if death had not ensued.” (Emphasis supplied.) By precedent and practice, the interpretation of every statute requires an inquiry directed toward the ascertainment of what is traditionally referred to as ‘ ‘ legislative intent. ’ ’ It must be recognized that this court, in performing this ofttimes complicated judicial process, must attribute significant roles to both the language and dominant purpose of a particular statute. (See, e.g., Williams v. Williams, 23 N Y 2d 592.) Thus, a statute will be interpreted to effect evils or needs existent at the time of the legislation’s passage and all subsequently arising fact patterns which can be said to come within the genus of situations demarlced by the act. When a combination of circumstances, such as those before us now, nonexistent at the time of the act’s passage, confront a court, that body should respond by construing a word or phrase as in its judgment it deems lawmakers would have done had they acted with the present situation in mind. The major factor in this process is the dominant purpose of the legislation — the general object sought to be accomplished. This has been the recent practice of this court, as evidenced by the majority opinion in Williams (supra). (See, also, Vermilya-Brown Co. v. Connell, 335 U. S. 377; Matter of Danimam v. Board of Educ., 306 N. Y. 532, 544, app. dsmd. 348 U. S. 933.)
The applicable language of section 130 has already been set forth; the purpose of the statute can be fairly stated in general terms. The wrongful death statute in,this State, as in others, represents the law’s recognition that pecuniary aid or assistance will be extended by next of kin one to another. In light of this recognition, the law has given that next of kin a cause of action for pecuniary damages suffered by the loss of the decedent. (See Butler v. Manhattan Ry. Co., 143 N. Y. 417, 420-421.) Indeed, the only condition imposed by the act is that the decedent possess a cause of action at the time of death.
Precisely because of this condition precedent, the present action would have been considered without merit prior to 1951. At that time, by virtue of Drobner v. Peters (232 N. Y. 220) even had death not ensued there would be no cause of action in favor of the child for prenatal injuries. Consequently, no *491 action then existed under section 130. Indeed, in Matter of Roberts (158 Misc. 698) the court, on facts similar to these, denied letters of administration in reliance upon that portion of the Drobner decision (p. 223) which declared that a child in its mother’s womb “ ha[s] no separate existence of [its] own ” (158 Misc., supra, p. 699).
In 1951, however, this court laid to rest the Drobner doctrine in Woods v. Lancet (303 N. Y. 349) where it was held, after elaborate consideration of earlier law, that a viable foetus does have legal personality sufficient to permit it a cause of action after birth for injuries suffered while in utero. The Woods decision has twofold significance: it rendered ineffectual the reasoning in Matter of Roberts (supra), on which the majority places some reliance and it clearly demonstrates that the decedent satisfied the one condition of the wrongful death statute that the cause of action be one that might have been sued upon had death not ensued.
In light of the act’s general purpose and in view of the construction heretofore placed upon it, it is indeed unreasonable to distinguish between an action in behalf of a deceased infant and one in behalf of a child en ventre sa mere. The majority, in making this distinction, has avoided a proper analysis of the Legislature’s intent, by merely concluding that “it is fairly certain that the Legislature did not intend to include an ‘ unborn ’ foetus within the term ‘ decedent ’.”
The majority’s proclamation that “there must, perforce, be birth ” before the cause of action exists is merely a refinement of the ratio decidendi of Drobner where the court concluded that the defendant in that case “ owed no duty of care to the unborn child ” (232 N. Y. 220, 224). Such reasoning, rejected though it was in Woods because it was an outmoded, timeworn fiction, has nevertheless been exhumed to guide the court today. (Woods v. Lancet, 303 N. Y., p. 357, supra.) In truth, life, not birth, is the sole significant criteria. The cause of action arises, if at all, at the time of injury and it should not thereafter be cut off because of the child’s death before birth. The illogicalness of the majority’s position was aptly demonstrated by the Supreme Court of Wisconsin, in the analogous case of Kwaterski v. State Farm Mut. Auto. Ins. Co. (34 Wis. 2d 14, 20), in these terms: “ If no right of action is allowed, *492 there is a wrong inflicted for which there is no remedy. Denying a right of action for negligent acts which produce a stillbirth leads to very incongruous results. For example, a doctor or midwife whose negligent acts in delivering a baby produced the baby’s death would be legally immune from a lawsuit. However, if they badly injured the child they would be exposed to liability. Such a rule would produce the absurd result that an unborn child who was badly injured by the tortious acts of another, but who was born alive, could recover while an unborn child, who was more severely injured and died as the result of the tortious acts of another, could recover nothing.” I therefore find the majority’s reliance upon the necessity of birth unconvincing. Moreover, I think the illustration presented in Kwatershi (supra) sufficiently demonstrates the error of the majority’s second argument that “considerations of justice” are absent which would mandate that the action before us be sustained.
The majority next contends that the establishment of such an action would create tremendous difficulty in proving causation and damages. It is sufficient, I feel, to note that these same two arguments were unsuccessfully advanced in the Woods litigation. In disposing of them at that time, this court declared (303 N. Y., supra, p. 356): “ [These arguments have] to do with the supposed difficulty of proving or disproving that certain injuries befell the unborn child, or that they produced the defects discovered at birth, or later. Such difficulties there are, of course, and, indeed, it seems to be commonly accepted that only a blow of tremendous force will ordinarily injure a foetus, so carefully does nature insulate it. But such difficulty of proof or finding is not special to this particular kind of lawsuit (and it is beside the point, anyhow, in determining sufficiency of a pleading). Every day in all our trial courts * * * such issues are disposed of, and it is an inadmissible concept that uncertainty of proof can ever destroy a legal right. ’ ’ I perceive no valid reason for seizing upon these arguments as a means for sustaining the majority’s position. Indeed, this portion of our decision in Woods was cited approvingly by a court of a sister State which refused to deny a wrongful death cause of action for'a stillborn foetus merely because of the difficulty attached to proving damages. (Mitchell v. Couch, 285 S. W. *493 2d 901, 906 [Ky.].) In like manner, the contention that the present action would - create an “ unmerited bounty” is both ill founded and, in light of Woods, jurisprudentially unsound.
In concluding, I would note that this is not the first time that a court has been asked to consider this question. Indeed, many jurisdictions have rendered decisions both for and against recovery. While the majority of these courts have sustained the cause of action—as I would—I do not contend that this alone is significant.[1] ***V.However, having also reviewed the decisions in accord with the position the majority today adopts, I find them unimpressive for two reasons. To begin with, in a number of those same jurisdictions, the court would not extend a cause of action to a child that was merely injured while en ventre sa mere, thus rejecting our decision in Woods. Also, these courts have, in part, denied recovery because the damages are too difficult to prove. It is the reasoning employed by those jurisdictions — rather than their status as a “ minority view ’ ’—which I find unacceptable.
In summary, I am of the opinion that it is both illogical and unreasonable to distinguish between injuries wrongfully inflicted upon a viable foetus which result in death just prior to the infant’s separation from the mother and those which cause either permanent injuries or death itself, but at some short interval after birth has occurred. I, therefore, dissent from that portion of the majority opinion which affirms the dismissal of the wrongful death actions by the personal representatives of these stillborn foetus.
Judges Scileppi, Bergan, Breitel and Jasen concur with Chief Judge Fuld ; Judge Burke dissents in part and votes to modify in an opinion in which Judge Keating concurs.
Order affirmed.

. Gorke v. Le Clerc, 23 Conn. Supp. 256; Worgan v. Greggo & Ferrara, 50 Del. 258; Porter v. Lassiter, 87 S. E. 2d 100 (Ga.); Wendt v. Lillo, 182 F. Supp. 56 (applying Iowa law); Hale v. Manion, 189 Kan. 143; Mitchell v. Couch, 285 S. W. 2d 901 (Ky.); Valence v. Louisiana Power & Light Co., 50 So. 2d 847 (La.); State Use of Odham v. Sherman, 234 Md. 179; Verkennes v. Corniea, 229 Minn. 365; Rainey v. Horn, 221 Miss. 269; Poliquin v. MacDonald, 101 N. H. 104; Stidam v. Ashmore, 109 Ohio App. 431; Fowler V. Woodward, 244 S. C. 608; Kwaterski v. State Farm Mutual Auto. Ins. Co., 34 Wis. 2d 14.