OPINION OF THE COURT
C. Raymond Radican, J.
The threshold question raised by the instant application is whether this court should grant letters of guardianship of the person and property of an unborn child.
The petitioner is expecting the birth of a child in May of 1983. It is alleged that the unborn is the child of Eduardo Lawrence, who died a resident of Kings County. Apparently a proceeding is now pending in the Kings County Surrogate’s Court for the settlement of the estate as a small estate (SCPA art 13). The petitioner seeks letters of guardianship for the purpose of making an application for letters of administration in the decedent’s estate or, in the alternative, the appointment of a guardian ad litem. Accompanying the petition is a purported copy of an affidavit filed by the decedent’s sister in Kings County which lists the sister as the sole distributee of the estate. The basis for this court’s jurisdiction is the residence of the petitioner in Nassau County.
If the appointment of a guardian ad litem is called for, the appointment should be made in Kings County, the jurisdiction in which the decedent’s estate is pending. The only question which this court may therefore determine is whether letters of guardianship can issue over the person and property of the unborn child.
*457 It would be a gross understatement to say that the legal rights of the unborn have been the subject of extensive debate engendered in part by the decision in Roe v Wade (410 US 113) in which the Supreme Court of the United States determined that a fetus is not a “person” within the meaning of the Constitution of the United States, and is therefore not afforded the protections of the Fourteenth Amendment.
Commentators and scholars who have traced the development of the law relating to the unborn have noted the differences in status accorded the unborn in various jurisdictions as well as inconsistencies between treatment in the criminal law (abortion, homicide), torts (cause of action for prenatal injuries) and property law (Note, The Law and The Unborn Child: The Legal and Logical Inconsistencies, 46 Notre Dame Lawyer 349; see, also, 4 Hofstra L Rev 805).
It may be generally concluded by many that a fetus does not have a legal personality or identity until it sees the light of day (Endresz v Friedberg, 24 NY2d 478). Historically, however, the law has indulged in the fiction that for the purpose of inheritance or other devolution of property, a child en ventre sa mere, while not a “person” has certain legal rights, contingent upon being born alive (Endresz v Friedberg, supra; Matter of Peabody [Chase Manhattan Bank — Holtzmann 5 NY2d 541), which are entitled to protection.
The New York cases which hold that letters of administration cannot issue for the purpose of prosecuting a wrongful death action in the estate of an unborn are not inconsistent with this position. The rationale in such cases is that no cause of action can exist for wrongful death of the unborn itself since the unborn never had a legal existence (Matter of Scanelli, 208 Misc 804; Matter of Roberts, 158 Misc 698). Additionally, the legal fiction of existence, at least in this jurisdiction, is indulged in solely where it serves to benefit the unborn and not for the purpose of benefiting one who would take through the unborn (Matter of Roberts, supra).
In the present case, the court is requested to accept the legal fiction for the purpose of protecting the property rights of an unborn who will hopefully be born alive. If the *458 unborn is in fact the child of the decedent, it clearly has a property right to be protected at this stage of administrating the decedent’s estate, since distribution of the assets is imminent.
Based on the foregoing and the court having consulted with the Surrogate’s Court of Kings County regarding the manner of representation of the unborn, letters of temporary guardianship of the property of the unborn child will issue; such letters limited to making an application for a stay of proceedings in the estate of the putative father in Kings County and to terminate in the absence of a live birth.