JOSEPH BIRD, as Receiver, etc., Respondent, *v.* ADALINE M. MERKLEE et al., Respondents, et al., Appellants.

The will of M. contained this clause, "If, after all the legacies are paid in full, there should be anything left of my estate, the same to be divided and paid to the Methodist Episcopal churches in the Ninth ward of the city of New York, according to the number of members, to buy coal for the poor of said churches." In an action to construe said provision, it was conceded that the churches designated were duly incorporated, with power to take by bequest for the relief of the poor. *Held,* that the testator contemplated no trust, but simply made a bequest to the churches, and that the same was valid.

*Fosdick* v. *Town of Hempstead* (125 N. Y. 581), distinguished.

*Schell* v. *Merklee* (75 Hun, 74), reversed.

(Argued January 18, 1895; decided February 5, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made at the January term, 1894, which reversed a judgment construing the will of George F. Merklee, deceased, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lemuel Skidmore* for Methodist Episcopal churches, appellants. Church corporations are empowered to acquire real and personal property for the use of the church, congregation or society, or other pious uses ; and they are specially authorized to employ such property for the relief of the poor, and to hold and administer property according to the discipline, rules and usages of the denomination to which their members belong. (*Williams* v. *Williams*, 8 N. Y. 525 ; *T. Seminary* v. *Kellogg*, 16 id. 89 ; *Beekman* v. *Bonsor*, 23 id. 310 ; *Prichard* v. *Thompson*, 95 id. 81 ; *Wetmore* v. *Parker*, 52 id. 457 ; *Holland* v. *Alcock*, 108 id. 337.) Although the gift to the churches was coupled by the testator with the expression " to purchase coal for the poor of said churches," yet, as the gift is absolute, this expression should merely be held to indicate a wish or desire on the part of the testator that the moneys

so given should be used for one only out of the many objects of said church corporations. (*In re Teed*, 59 Hun, 69 ; *In re Williams*, 64 id. 164 ; *Thorpe* v. *Owen*, 2 Hare, 607 ; *Ex parte Payne*, 2 Y. .& C. 636 ; *In re City of Rochester*, 110 N. Y. 166 ; *Schult* v. *Moll*, 132 id. 127.) In making his residuary bequest to the Methodist Episcopal churches in the ninth ward of this city it will be presumed that the testator intended to confine his bequest to such churches as were incorporated and authorized by law to take a bequest. (*Power* v. *Cassidy*, 16 Hun, 294 ; 79 N. Y. 602.) The gift to the churches in the ninth ward was a gift to a class ; when a bequest is made to a class, if any members of the class can take, they take the whole. The subject of the gift in such · a case can never be partly disposed of and partly undisposed of. (1 Jarman on Wills, 535 ; 2 Redf. on Wills, 119 ; *Downing* v. *Marshall*, 28 N. Y. 374.) The law now expressly recognizes and sanctions all the usages and customs of religious societies as actually existing and identifies the civil organization with the religious body. (*F. R. P. Church* v. *Bowden*, 14 Abb. [N. C.] 356 ; Laws of 1875, chap. 79 ; Laws of 1876, chap. 176 ; Laws of 1893, chap. 701.)

*William D. Udell* for Jane Street Church, appellant. The legacy given by the residuary clause of the testator's will was an absolute gift to the Methodist Episcopal churches in the Ninth ward of the city of New York, to be used by those corporations in assisting the poor of their congregations, a duty which they are continually discharging. From the words of the will and the nature of the bequest, the question of perpetuity does not enter into the case. (*In re Teed*, 59 Hun, 63, 68 ; Laws of 1813, chap. 60, § 4 ; Laws of 1875, chap. 79, §§ 3, 4.) Courts look with favor upon donations for a charitable or religious purpose, and will endeavor to carry them into effect, if it can be done consistently with the rules of law. (Perry on Trusts, §§ 699, 701 ; *Owens* v. *M. Society*, 14 N. Y. 380, 408 ; *Power* v. *Cassidy*, 79 id. 602 ; *Williams* v. *Williams*,

8 id. 525 ; *Levy* v. *Levy*, 33 id. 97 ; *Wetmore* v. *Parker*, 52 id. 450.) The legatees being so defined that the direction as to the use of the legacy can be carried out, there is no force in the contention made by the contesting defendants that the beneficiaries are too indefinite or uncertain. Therefore, the bequest given by the residuary clause of the testator's will is valid, and the defendant churches take the same as an absolute gift to be used in the discharge of their functions. ( *Williams* v. *Williams*, 8 N. Y. 525 ; *Power* v. *Cassidy*, 79 id. 602 ; *Beekman* v. *Bonsor*, 23 id. 298 ; *Le Couteulx* v. *Buffalo*, 33 id. 333 ; *Vail* v. *L. I. R. R. Co.*, 106 id. 283 ; *Fosdick* v. *Town of Hempstead*, 125 id. 581.)

*Fernando Solinger* for African Methodist Church, appellant. There is no uncertainty or want of a person or certain body to take. The bequest to the churches is a direct gift. (*In re Look*, 54 Hun, 635 ; *Rippell* v. *Schlegel*, 55 id. 183 ; *In re Bailey*, 24 Abb. [N. C.] 206.)

*James Otis Hoyt* for receiver. The gift to the Methodist Episcopal churches in the Ninth ward of the city of New York, according to the number of members, to buy coal for the poor of said churches, is an absolute gift to corporations duly incorporated and empowered to take for one of the purposes for which they were incorporated, and is not a trust. ( *Williams* v. *Williams*, 8 N. Y. 525 ; *Wetmore* v. *Parker*, 52 id. 450 ; *Vail* v. *L. I. R. R. Co.*, 106 id. 283 ; *Le Couteulx* v. *City of Buffalo*, 33 id. 333 ; *Holland* v. *Alcock*, 108 id. 312.) The words " to buy coal for the poor " do not constitute a trust. They do not say so, and while, if it were necessary to prevent intestacy, such an interpretation might be put upon them, such an interpretation here would defeat testacy, importing a trust merely to declare it void. ( *Weeks* v. *Cornwall*, 104 N. Y. 325 ; *In re Verplanck*, 91 id. 442 ; *Vanderpoel* v. *Loew*, 112 id. 175 ; *Oxley* v. *Lane*, 35 id. 340.)

*T. W. Tyng* for respondents Ludwig and others. The intention of the testator was clearly to create trusts for the

purchase and distribution of coal. (1 Jarman on Wills [5th ed.], 604; Perry on Trusts, § 115; *Gross* v. *Moore*, 68 Hun, 412; 141 N. Y. 559; *Fosdick* v. *Town of Hempstead*, 125 id. 581; *In re Ingersoll*, 131 id. 573; *Gross* v. *Moore*, 68 Hun, 412.) The trusts created by the will were void for want of ascertainable beneficiaries. (*Tilden* v. *Green*, 130 N. Y. 29; *In re Ingersoll*, 131 id. 573; *Hope* v. *Brewer*, 136 id. 126; *Fosdick* v. *Town of Hempstead*, 125 id. 581.) Chapter 701 of the Laws of 1893 has no application to this case. (*Dammert* v. *Osborn*, 140 N. Y. 30.)

*S. St. J. McCutchen* for respondents Merklee. The bequest sought to be made by the twentieth item of the will is not an absolute gift to the churches, coupled with a mere expression by the testator of a wish or desire that the moneys so given should be used for the expressed purpose. (*Gross* v. *Moore*, 59 Hun, 412; 141 N. Y. 559.) No absolute gift to the churches being intended by the testator, he must have purposed trusts of an ascertainable fund (the residue), in trustees (the churches), for a definite purpose (to buy coal), in favor of beneficiaries (the poor of said churches), and such trusts must fail for lack of definiteness in the beneficiaries. (Perry on Trusts, § 115; *Holland* v. *Alcock*, 108 N. Y. 312; *Fosdick* v. *Town of Hempstead*, 125 id. 581; *Tilden* v. *Green*, 130 id. 29; *Hope* v. *Brewer*, 136 id. 136; *White* v. *Fisk*, 22 Conn. 50; *Beall* v. *Drane*, 25 Ga. 430; *Wilderman* v. *Mayer*, 8 Md. 551; *Needles* v. *Martin*, 33 id. 609.)

BARTLETT, J. This is an action to construe item 20 in the last will and testament of George F. Merklee, deceased, which reads as follows:

" Item 20.— If after all the legacies are paid in full there should be anything left of my estate, the same to be divided and paid to the Methodist Episcopal Churches, in the Ninth ward of the city of New York, according to the number of members, to buy coal for the·poor of said churches."

The General Term of the first department reversed the judgment of the Special Term adjudging this to be a valid

bequest to the churches named, and held that a trust was sought to be created which was void, as the beneficiaries were unascertained and indefinite.

We are unable to agree with the learned General Term, and are of opinion that the testator contemplated no trust, but made a valid bequest to the churches.

This court in *Wetmore* v. *Parker* (52 N. Y. 450) held that a bequest, similar in its essential features to the one at bar, did not create a trust.

In that case the testator gave $25,000 to the Utica Orphan Asylum, to be perpetually invested by the trustees or managers in a certain manner, and the interest and income to be expended for the support and maintenance of the asylum.

This bequest was claimed to be invalid upon the ground that it created a perpetuity in violation of the statute prohibiting the suspension of the absolute ownership of personal property beyond two lives in being.

After disposing of this objection and holding that the provisions of the statute against perpetuities did not apply to such a bequest, Church, Ch. J., writing the opinion of the court, uses this language : " The income only of the permanent endowment of such an institution can be used with safety to its very existence.　Any other course would frustrate, and, sooner or later, destroy its usefulness.

" No mortmain law, restrictive as they have sometimes been, ever prevented the donors from making their gifts in such terms as would preserve the principal from dissipation. It does not create a trust in any such sense, as that term is applied to property.　The corporation uses the property in accordance with the laws of its creation for its own purposes, and the dictation of the manner of its use, within the law, by the donor, does not affect its ownership or make it a trustee. A person may transform himself into a trustee for another, but he cannot be a trustee for himself."

In the case before us there is nothing in the language employed by the testator that indicates an intention to create a trust.

In the first place, he seems to have been in doubt as to his estate resulting in a residue after carrying out the provisions of his will.  His language is: "If, after all the legacies are paid in full, there should be anything left of my estate, the same to be divided and paid to the Methodist Episcopal Churches of the Ninth ward of the city of New York, according to the number of members, to buy coal for the poor of said churches."

We have here a direct and simple gift made in terms that exclude any idea of trust.  There is not even a direction to invest the principal and expend the income.

It is admitted that the churches designated are duly incorporated and have the power to take.

The validity of such a gift has not been legally open to question in this state since the case of *Williams* v. *Williams* (8 N. Y. 525), where a bequest to the trustees of the Presbyterian Church and congregation in the village of Huntington, in trust for the support of a minister of that church, from the income of an invested fund, was sustained as a valid bequest.

It was there held that the provisions of the Revised Statutes against perpetuities do not affect the property given in perpetuity to religious or charitable institutions.

While this case has been disapproved as to another bequest involving the existence of the English system of charitable uses in this state, its decision sustaining the bequest referred to has not only never been questioned, but has been expressly approved in subsequent cases in this court.  ( *Vide, Wetmore* v. *Parker*, 52 N. Y. 457; *Holland* v. *Alcock*, 108 id. 337.)

In *Holland* v. *Alcock* (108 N. Y. 337) Judge Rapallo, after commenting upon the present condition of the law on this subject, says: "Under this system, many doubtful and obscure questions disappear and give place to the more simple inquiry whether the grantor or devisor of a fund designed for charity is competent to give, and whether the organized body is endowed by law with capacity to receive and to hold and administer the gift."

In the case at bar both these questions must be answered in the affirmative.

It is not denied that the gift of money to buy coal for the poor of the churches named is directly within the provisions of the various statutes defining the powers and objects of the corporations interested.

They are empowered to acquire real and personal property, in a limited amount, for the use of the church, or other pious uses, and they are permitted to employ such property, among other objects, for the relief of the poor.

The fact that the testator has designated the purpose for which this legacy must be used does not indicate a desire upon his part to create a trust. If it were necessary in order to sustain the bequest these words of designation by the testator might be treated as merely precatory, but we think it was entirely competent for him to apply his bounty to the whole or any one or more of the various purposes for which the corporations are authorized to hold property. This is fully reasoned by Judge Denio in *Williams* v. *Williams* (8 N. Y. at bottom page 530).

The fundamental error in this case, in the court below, and in cases that are frequently coming to the attention of this court, is the failure to recognize the fact that gifts to religious and charitable corporations to aid in carrying out the purposes for which they are organized, whether by expending the principal of a bequest, or the income of a bequest to be invested in perpetuity, do not create a trust in any legal sense, do not offend against the statutes of perpetuities, are not to be judged by any of the well-known rules pertaining to the law of trusts as applied to private individuals.

It would be impossible at this late day to add anything to the learned discussion of the foremost judges and counsel of this state in a legal contest which assailed the case of *Williams* v. *Williams* (8 N. Y. 525) in so far as it sustained the English doctrine of trusts for charitable uses and resulted in establishing that the doctrine had no place in our jurisprudence, but that a system created by the statute law of the

state of organized corporate bodies with power to administer
public charities, and legal capacity to receive and hold prop-
erty for that purpose, was intended to take its place. (*Hol-
land* v. *Alcock*, 108 N. Y. 312.)

Gifts to these corporations can be made without invoking
the aid of trusts.

The mortmain policy of this state is very simple, and is
illustrated in the charters of our religious and charitable cor-
porations. The amount of property which they may take and
hold in mortmain is restricted; but their ownership is abso-
lute and only qualified by their artificial nature. (*Wetmore*
v. *Parker*, 52 N. Y. 458.)

The respondents urged that the case of *Fosdick* v. *Town of
Hempstead* (125 N. Y. 581) is an authority sustaining the
views of the General Term.

The point decided in that case leads to no such conclusion,
and the decision is in harmony with the views we here
express. In that case a bequest to the town, in trust, in per-
petuity, for the benefit of the poor of the town, not confined
to those for whose support it was under a statutory liability,
was held invalid for want of an ascertained beneficiary. It
was further held that, in the absence of a special grant of
power by statute, a town cannot act as trustee of property
given for charitable purposes.

Judge PECKHAM, after a review of many of the authorities
beginning with the *Williams* case, uses this language : " It is
this circumstance that the gift in this case is not for corporate
purposes, which takes it out of the principle upon which the
cases cited were decided.

" The cases of *Wetmore* v. *Parker* (52 N. Y. 459); *Le
Couteulx* v. *City of Buffalo* (33 id. 333); *Vail* v. *Long Island
Railroad Co.* (106 id. 283), were all instances of a gift to a
corporation having power to take for the purposes that the gift
was intended, and hence a direction accompanying the gift that
it was to be used only for a corporate purpose, or that the
income only was to be used, did not create a trust.

" It was simply saying that the gift was for the purpose of

aiding the corporation in the discharge of some of its corporate functions."

The judgment appealed from should be reversed and the judgment of the Special Term affirmed, with one bill of costs to the defendant churches.

All concur.

Judgment accordingly.