WARBURTON AVE. BAPTIST CHURCH v. CLARK et al.

(Supreme Court, Appellate Division, Second Department.   July 25, 1913.)

CHARITIES (§ 22*)—VALIDITY—CERTAINTY AS TO OBJECT OF GIFT.

    A fund deposited in a savings bank in the name of the depositor, "in trust for 'benevolent object' Warburton Avenue Baptist Church," is a valid gift to the church, which becomes absolute upon the depositor's death, since the words "benevolent object" merely indicate a request or direction as to the use of the fund, and do not impress a trust upon it in the hands of the church.

    [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 51–56; Dec. Dig. § 22.*]

Appeal from Special Term, Westchester County.

Action by the Warburton Avenue Baptist Church against George Clark and another.  From a judgment of the Special Term (80 Misc. Rep. 306, 141 N. Y. Supp. 1), dismissing the complaint, the plaintiff appeals.  Reversed, and judgment directed for plaintiff.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

George W. Elkins, of New York City, for appellant.

Charles De Hart Brower, of New York City, for respondent Clark.

PUTNAM, J.   Plaintiff, a religious corporation, sought to recover a deposit in the Yonkers Savings Bank, made by Almira Clark prior to her death.  This account had been entered in the following form:

"Almira Clark, in trust for 'Benevolent Object' Warburton Avenue Baptist Church of Yonkers."

The controversy arises over the words "Benevolent Object."   Had that expression been omitted, it is not questioned that the plaintiff would have been entitled to this deposit, as a trust—tentative while the depositor lived, but becoming absolute on her death.   In re Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900.

Here the term "Benevolent Object" may mean a wish or direction that the money shall be used in some benevolence of the church.   This, however, did not prevent the gift from immediately vesting.  If the added words be regarded as directing the manner that plaintiff is to use the money, nevertheless the language did not create a trust in the legal sense, as the church takes as an absolute donee.   Its right and ownership are absolute, save as, in incidents and scope, they necessarily are adapted to the nature of a religious corporation.   Wetmore v. Parker, 52 N. Y. 450; Bird v. Merklee, 144 N. Y. 544, 39 N. E. 645, 27 L. R. A. 423.

The latter case furnished stronger ground to assert a trust than does the case at bar.   It was a bequest "to the Methodist Episcopal churches of the Ninth ward of the city of New York, according to the number of members, to buy coal for the poor of said churches," yet the court said:

"We have here a direct and simple gift, made in terms that exclude any idea of trust."   144 N. Y. 549, 39 N. E. 646, 27 L. R. A. 423.

Such dispositions made to charitable or religious corporations raise the initial question merely of the corporate power to take, and if that power exists, our theory of the law, in order to save the gift, is that no trust at all results from such expressions by the testator or donor. Chaplin, Express Trusts and Powers, § 506. The suggestion as to the manner of enjoying the benefit creates a moral, but not a legal, obligation. Matter of Isbell, 1 App. Div. 158, 37 N. Y. Supp. 919. It is a benefaction given in confidence that the beneficiary will observe the benefactor's expressed wishes respecting it.

"It is not, in a strict sense, a trust, inasmuch as the corporation, in effect, takes it absolutely." Per Gray, J., Matter of Griffin, 167 N. Y. 71, 78, 60. N. E. 284, 285.

Hence it is unnecessary to resort to the amending act of 1893 (Laws of 1893, c. 701), which, reversing the previous policy of this state, declares that religious, educational, charitable, or benevolent gifts are not void or invalid for uncertainty or indefiniteness of the beneficiaries.

In furtherance of the presumed intent of Miss Clark as a member of the plaintiff church, her gift of this bank deposit must be held effectual, and hence that appellant is entitled to judgment therefor. I advise:

Judgment reversed, with costs, and entry of judgment directed for the plaintiff, with costs. All concur.