In the Matter of the Petition of UNITED STATES TRUST COMPANY OF NEW YORK to Obtain a Determination as to the Validity, Construction or Effect of Dispositions of Property Contained in the Last Will and Testament of GEORGE H. HART, Deceased.

THE SOCIETY FOR ETHICAL CULTURE and Others, Appellants; JEANE HART and Others, Respondents.

First Department, June 1, 1923.

**Wills — construction — gift to charitable corporation for stated purposes is absolute and not in trust.**

Where a testator gives property to a charitable corporation without specifying that it shall be held in trust, but with directions that it shall be used for stated purposes, the presumption arises that the intention of the testator is to make a gift to the charitable corporation absolutely and not in trust.

APPEAL by The Society for Ethical Culture and others from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 1st day of December, 1922, adjudging the will of George H. Hart, deceased, invalid except as to one provision thereof.

*Cohen, Gutman & Richter* [*Abraham L. Gutman* of counsel; *Warren J. Bloom* with him on the brief], for the appellant Society for Ethical Culture.

*Stewart & Shearer* [*James H. Richards* of counsel; *George L. Shearer* with him on the brief], for the appellant United States Trust Company of New York, as executor, etc.

*Loeb, Ash & Weiler* [*Max Ash* of counsel; *Henry Woog* with him on the brief], for the appellants, respondents, Walter H. Hart and Louis H. Hart.

*Lind & Pfeiffer* [*Alexander Pfeiffer* of counsel; *Seth V. Elting* with him on the brief], for the respondents Bessie L. Smith and Claribel L. Wing.

*Robert H. Charlton,* for the respondent Jeane Hart.

*John J. O'Connor,* for the respondents who are infants, incompetents, etc.

FINCH, J.:

The decision of the surrogate and the reasons given as indicating the grounds thereof are sufficient, except as to the bequest to the Society for Ethical Culture. In holding this bequest invalid, the learned surrogate was in error.

In so far as the will related to the Society for Ethical Culture, the provisions are as follows:

"*First*. After my lawful debts are paid, I give and bequeath the books composing my library to the Society for Ethical Culture, of which Dr. Felix Adler is the head, with power and authority to dispose of the same for cash or as they may deem best for the purpose of founding and supporting a school or classes for the instruction of children and the young on the nature of their physical organs, in order that they may be induced to observe and obey the laws of health and more especially on the sublime purpose of the sexual organs and the penalties incurred by their abuse.   *   *   *

"*Third*.   *   *   *   9th.   *   *   *   But in the event that neither of my said brothers them survive, then I direct said Executor and Trustee to pay all of said money remaining in their hands, derived from the sale or sales of said bonds or securities, to the said Society for Ethical Culture, to be applied by said Society to the same purpose as I have hereinbefore designated, in respect to my library or the proceeds of the sale thereof."

The Society for Ethical Culture relinquishes any right that it has by reason of the second paragraph quoted above, and hence the latter becomes important only in so far as it may be used to show the intention of the testator in regard to the first paragraph.

The question presented is whether the gift in the first paragraph is a gift creating a trust, and unlawful because it is outside of the corporate powers of the Society for Ethical Culture, or whether the intention of the testator was to give the property to the society as an absolute gift for the purposes indicated. Within the rule lately laid down by the Court of Appeals, the gift is an absolute one. (*Matter of Durand*, 194 N. Y. 477.) In considering this language, the words of the court in *Bird* v. *Merklee* (144 N. Y. 544, at 550) are in point: "The fact that the testator has designated the purpose for which this legacy must be used does not indicate a desire upon his part to create a trust. If it were necessary in order to sustain the bequest these words of designation by the testator might be treated as merely precatory, but we think it was entirely competent for him to apply his bounty to the whole or any one or more of the various purposes for which the corporations are authorized to hold property.   *   *   *   The fundamental error in this case, in the court below, and in cases that are frequently coming to the attention of this court, is the failure to recognize the fact that gifts to religious and charitable corporations to aid in carrying out the purposes for which they are organized, whether by expending the principal of a bequest, or the income of a bequest to be invested in perpetuity, do not create a trust in any legal sense, do not offend against the statutes of perpetuities, are not to be judged by any of the well-known rules pertaining to the law of trusts as applied to

private individuals;" as well as the words of Judge Hiscock in *Matter of Durand (supra)*: "And so we do not find in any of these provisions or terms any controlling features which require us with justifiable reluctance to build up and impose a trust on the testator's will to the sole end that we shall then be compelled to condemn as unlawful the entire structure which he has created with such commendable purpose." In other words, where a testator makes a gift to a charitable society and adds certain words showing the purpose, the presumption is that the intention is to make a gift of the moneys to the society. A concrete example would be where a society is organized, say for the care of crippled children, and a testator makes a gift to the society for the purpose of caring for crippled children in a particular manner. In such a case it is obvious that the money is a gift to the society.

Moreover, as further showing the testator's intention to make an absolute gift rather than a trust, it is to be noted that in the 1st paragraph of the will he refrained from using the words " in trust," whereas in the 3d paragraph making other gifts he expressly provides: " I give, devise and bequeath to my Executor and Trustee * * * upon trust as follows:"

It follows that the decree appealed from should be modified so as to hold valid as an absolute gift the bequest to the Society for Ethical Culture, and as so modified affirmed, with costs to all parties appearing and filing briefs in this court.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Decree modified as indicated in opinion and as so modified affirmed, with costs to all parties appearing and filing briefs in this court.