In the Matter of the Estate of ROBERT ABBE, Deceased.

Surrogate's Court, New York County, June 27, 1930.

*Cadwalader, Wickersham & Taft,* for the petitioner.

*Hubert Howson,* for Marjorie Howson.

*William B. Stitt,* special guardian.

*Joseph D. Nunan,* special guardian.

O'BRIEN, S. This is an executor's accounting in which several questions of construction are presented to the court for decision. The first question concerns the 20th article of the will, which reads as follows:

"*Twentieth.* I direct that all the rest, residue and remainder of my real and personal property, and of the proceeds of any property which may be sold, shall be divided by my executors into as many shares as I have grand-nephews and grand-nieces living at the time of my death, and I give, devise and bequeath to each of my nephews and nieces who may be living at the time of my death as many of such shares as they have children then living, and I desire that such gifts shall be used for the education of my grand-nephews and grand-nieces in the discretion of their parents.

"In the case of any of my nephews or nieces who have died or may die before me, I give, devise and bequeath directly to their children the shares which such deceased nephews or nieces would have received if living, to be used for the education of such grand-nephews and grand-nieces."

Two questions of construction refer to this article of the will:

(1) Is a trust created, or are the directions of the testator that "such gifts shall be used for the education of my grand-nephews and grand-nieces in the discretion of their parents," merely precatory words expressing the desire of the testator that the legacies should be used for the education of the respective beneficiaries.

I hold that no trust is created; that the gift is absolute and that the legatees are simply charged with the moral obligation to comply with the wishes of the testator. (*Webster* v. *Gleizes,* 251 N. Y. 554.)

(2) Is the residuary estate of the testator to be divided into twenty-four shares, or twenty-five shares by reason of the birth of a grandniece, Joan Campbell, who was born on June 2, 1928,

which was after the death of the testator, who died March 7, 1928. It is contended by the special guardian of Joan Campbell that as she was *en ventre sa mere* at the time of the death of the testator, she was a " living " child within the provisions of paragraph 20 of the testator's will, and, therefore, entitled to a share in the residuary estate bequeathed by that paragraph. I hold that contention to be correct. (*Matter of McEwan*, 202 App. Div. 50; *Matter of Levy*, 138 Misc. 670.) The residuary estate should, therefore, be divided into twenty-five parts instead of twenty-four, so as to allot one share for the benefit of the infant, Joan Campbell.

Two other questions are presented by reason of articles 14 and 18 of the will, which respectively read as follows:

" *Fourteenth*. I give and bequeath to the Alumnæ Association of St. Luke's Hospital Training School for Nurses, the sum of ten thousand dollars; such fund to be kept invested under the direction of the governing body of such Association, and the income and so much of the principal as may be deemed necessary, to be used at the discretion of the Alumnæ, for the relief of any nurse or nurses who are disabled or in want or sickness, and not otherwise sufficiently provided for. A report to the members of the Association shall be made at least annually as to the use of such fund, except that the name of any recipient of relief shall not be revealed in such report or otherwise. If after the lapse of ten years from the date of my death, there shall remain the whole or any part of said fund, and the members of the Association are of the opinion that such fund or the remaining part thereof could be used with better advantage for other purposes connected with the Association, the members thereof at any annual meeting by a vote of a majority of those present, may direct such fund or the remaining part thereof to be transferred and applied to such other purpose or object connected with the Association as they may by such vote decide."

" *Eighteenth*. I give and bequeath to the Woodlawn Cemetery, a corporation organized and existing under the laws of the State of New York, the sum of eleven hundred and fifty dollars, upon trust however, to apply the income arising therefrom under the direction of the Directors, to the repair, preservation or renewal of any tomb, monument or other stones, and the planting and cultivating of trees, shrubbery, flowers and plants in and around lot No. 14,715 in the cemetery grounds of the said corporation situated in the City of New York, County of Bronx, and to apply the surplus if any, to the improvement and embellishment of said lot."

The question presented refers to the legal character of these

legacies and whether or not they should be construed as general legacies or trusts created, which would necessitate the qualification of the legatees as trustees under the will. I hold that the language contained in article 14 of the will is an absolute bequest to the Alumnæ Association of St. Luke's Hospital Training School for Nurses, and that no trust is created. (*Matter of Hart*, 205 App. Div. 703; *Bird* v. *Merklee*, 144 N. Y. 544; *Matter of Griffin*, 167 id. 71.)

As to the gift to Woodland Cemetery by the 18th paragraph of the will, I hold that a trust is created, for the reason that the testator expressly uses the words "upon trust however, to apply the income therefrom * * *," etc. (*Matter of Hart*, 205 App. Div. 703.)

Submit decree construing the will and settling the account accordingly.