A. ELTING BRAYTON, Receiver of THE HERKIMER NATIONAL BANK, Appellant, v. RECTOR, CHURCH WARDENS AND VESTRYMEN OF CHRIST CHURCH, HERKIMER, Respondent.

Fourth Department, December 23, 1936.

*James P. O'Donnell*, for the appellant.

*William A. Glenn*, for the respondent.

CROSBY, J. This is an action to recover upon an alleged bank stock liability pursuant to a 100 per cent assessment against the stockholders of a defunct bank. At the end of the plaintiff's case the defendant rested without introducing any evidence. The plaintiff moved for a directed verdict, which was denied, and defendant moved for a nonsuit and dismissal of the complaint, which was granted.

We think the court was in error, and that the plaintiff's motion, for a direction of a verdict in favor of plaintiff for the amount demanded in the complaint, should have been granted.

That the defendant was the owner, and in possesson and control, of twenty shares, of the par value of $100 each, of the stock of the defunct bank, is not disputed. No question is raised about the regularity of the proceedings leading up to the assessment against the stock. The only defense is that defendant owned and held the stock as trustee of an express trust under the fourth paragraph of the will of Chester W. Palmer, and, therefore, is not personally liable under section 66 of title 12 of the United States Code (Banks and Banking) which reads as follows: " Personal liability of representatives of stockholders. Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

The fourth paragraph of the will in question reads as follows:

" *Fourth.* I give and bequeath to the Rector, Church Wardens and Vestrymen of Christ Church, Herkimer, Twenty shares of the capital stock of the Herkimer National Bank of Herkimer, N. Y., or if I should not be the owner of the same at the time of my death a sum equivalent to the value thereof at the time of my death.

Said stock, or in case of its sale the proceeds thereof, or said moneys, shall be a part of the endowment fund of said Christ Church and shall be kept invested perpetually by said church corporation and the income therefrom shall be used for the payment of the salary of the Rector of said Church corporation and for the current expenses of said corporation."

The church in question received other bequests under the will of Mr. Palmer, and, on July 18, 1922, gave the executor of his will a receipt for $5,340, which included the bank stock in question. The church continued to hold that stock and to draw the dividends thereon until the receiver of the bank, the plaintiff, levied the stock assessment on July 12, 1934. Two days after the church gave the executor a receipt for the stock, a new certificate, No. 255, for twenty shares, was issued by the bank to " Christ Church, Herkimer, N. Y." It is undisputed that the dividends on the stock were deposited in the bank account of the church, in its own name, not as trustee.

We are unable to see how the fourth paragraph of this will creates a trust such as is contemplated by section 66 of title 12 of the United States Code. In a certain sense the defendant did receive the gift as a trust. In the case of *Sherman* v. *Richmond Hose Co.* (230 N. Y. 462) it was said: " It [the hose company] held the property in trust — not a trust imposed by the donor but by the charter which required the corporation to perpetually devote its funds to such purposes. [Citing cases.] To hold otherwise would be to permit the destruction of the greater part of the charitable bequests made in this State during the last century."

The Supreme Court has full power to compel the defendant to make a proper use of the bequest here under consideration, not because of any trust imposed by the donor, but because: " In this State jurisdiction on its behalf to supervise the due administration of corporations has been confided in the Supreme Court." (*Sherman* v. *Richmond Hose Co., supra.*)

From the fact that the defendant owes certain trust duties in reference to this bequest, under the charter which gives it exist- ence, it does not follow that a trust was created of the kind con- templated by the statute under consideration. That statute has reference to trusts where some estate or interests in, or power over, property is vested in one person for the benefit of another. In this case we have a direct gift to the defendant for the benefit of itself. No corporation can be a trustee for itself. (See *Matter of Griffin*, 167 N. Y. 71, 78; *Wetmore* v. *Parker*, 52 id. 450, 458, 459; *War- burton Avenue Baptist Church* v. *Clark*, 158 App. Div. 230; *Bird* v. *Merklee*, 144 N. Y. 544.)

The judgment should be reversed on the law, with costs, and judgment ordered in favor of the plaintiff for the relief demanded in the complaint, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment reversed on the law, with costs, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs.