In the Matter of the Estate of MARY COLGATE, Deceased, and of the Construction of the Said Last Will and Testament.

Surrogate's Court, Westchester County, December 3, 1937.

*Hawkins, Delafield & Longfellow* [*C. O. Donahue* and *Albert E. Rice* of counsel], for James C. Colgate, William J. Yates and the United States Trust Company of New York, as executors, etc.

*George F. O' Neill*, for the Warburton Avenue Baptist Church of Yonkers.

*Walter G. C. Otto*, special guardian.

SHEILS, S. Mary Colgate, a resident of the city of Yonkers, died on October 24, 1936, leaving a will which was admitted to probate on December 29, 1936.

Article second of her will provides as follows: " Article Second. I give and bequeath to the Warburton Avenue Baptist Church of Yonkers One Hundred Thousand Dollars ($100,000.00) as an endowment fund, the income only to be used unless in case of emergency or change of conditions the church with the approval of a court of competent jurisdiction shall deem some other disposition thereof desirable. I request that the income from this endowment fund be used solely for the maintenance and repair of the church building, parsonage and grounds. This request shall not, however, be construed as a direction absolutely prohibiting any other use of the income from this endowment but shall be construed as a strong expression of my wishes which I hope will not be disregarded without mature consideration."

The executors have asked for the court's determination as to whether or not, under the language of article second, a trust was created and, if so, whether the Baptist church should be required

to qualify under section 167 of the Surrogate's Court Act before the payment of the bequest is made to it.

The language of the will, in my opinion, does not show any intention on the part of the testatrix to create a trust. She made similar gifts to two other churches and to The Baptist Home for the Aged in the City of New York. Nowhere in her will does the word " trust " appear excepting in that portion of it (Article sixteenth) which disposes of her residuary estate.

" Such a gift, though the corporation may be instructed to maintain the principal intact and use the income only for a specific purpose, does not create a trust. (*Wetmore* v. *Parker*, 52 N. Y. 450; *Bird* v. *Merklee*, 144 id. 544.) " (*Matter of Griffin*, 167 N. Y. 71, 84.)

In *Bird* v. *Merklee* (*supra*, at p. 550) the court said: " The fact that the testator has designated the purpose for which this legacy must be used does not indicate a desire upon his part to create a trust. If it were necessary in order to sustain the bequest these words of designation by the testator might be treated as merely precatory, but we think it was entirely competent for him to apply his bounty to the whole or any one or more of the various purposes for which the corporations are authorized to hold property."

It is my opinion that the testatrix intended to make an outright gift of $100,000 to the Warburton Avenue Baptist Church of Yonkers, and the will, and particularly article second thereof, is construed accordingly. (*Williams* v. *Williams*, 8 N. Y. 525; *Bird* v. *Merklee*, *supra; Matter of Griffin*, *supra; Matter of Durand*, 194 N. Y. 477; *Sherman* v. *Richmond Hose Co.*, 230 id. 462; *Matter of Hart*, 205 App. Div. 703; *Matter of Abbe*, 138 Misc. 210.)

Submit decree.