ST. JOSEPH'S HOSPITAL, Respondent, *v.* JOHN J. BENNETT, JR., Attorney-General, Appellant.

Fourth Department, January 11, 1939.

*John J. Bennett, Jr., Attorney-General,* and *Henry Epstein, Solicitor-General* [*Irving H. Lessen, Assistant Attorney-General,* of counsel], for the appellant.

*George R. Fearon* [*M. Harold Dwyer* with him on the brief], for the respondent.

SEARS, P. J. The will of the late George Doheny of Syracuse contained the following provision in relation to his residuary estate:

" *Seventh.* All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to St. Joseph's Hospital, the Syracuse Memorial Hospital, the House of Providence, St. Vincents Asylum and School (Madison St.), the Syracuse Free Dispensary, the Syracuse Homeopathic Hospital, St. Mary's Maternity Hospital and Infants Asylum, the Onondaga Orphans Home and the Syracuse Home Association (commonly known as the Old Ladies Home) all of Syracuse, N. Y., share and share alike, one-

ninth to each to be held as an endowment fund and the income used for the ordinary expenses of maintenance."

The gift to the plaintiff which is in the hands of the plaintiff is of the value of $147,932.93 and interest. The real property of the plaintiff is now incumbered by a mortgage given to secure the payment of the sum of $175,000 and interest. The plaintiff proposes to use the entire gift from the late George Doheny, both principal and interest, to pay in part the debt secured by the mortgage on its real property, or, in its judgment, to use the principal of the fund for objects within its corporate powers other than meeting the ordinary expenses of maintenance. The defendant, on the other hand, resists the right of the plaintiff to make such use of the fund. In this action it is sought by declaratory judgment to determine whether the plaintiff may use the principal of the fund as proposed.

Charitable trusts and donations have presented many problems for judicial determination, and consistency in the decisions through the years has been an ideal rather than a reality. Judging the bequest in question in the light of the most recent decisions in this State, the conclusion is inevitable that no trust or trusts were created by the quoted provision of the will. The share for the plaintiff is not given for the benefit of any one else. (*Rector, etc., of St. George's Church* v. *Morgan*, 88 Misc. 702.) No person other than the legatee is given control over the fund. (*Associate Alumni* v. *Theological Seminary*, 163 N. Y. 417.) The bequests of each of the nine shares are direct to the corporations named in the will. Under these circumstances, a charitable trust is not created. (*Bird* v. *Merklee*, 144 N. Y. 544; *Sherman* v. *Richmond Hose Co.*, 230 id. 462; *Johnston* v. *Hughes*, 187 id. 446; *Matter of Durand*, 194 id. 477.) The rule is not altered by reason of the fact that the bequest is to a charitable or religious corporation. (*Bird* v. *Merklee, supra; Matter of First Presbyterian Society of Buffalo*, 106 N. Y. 251; *Matter of Durand, supra; Matter of Allen*, 111 Misc. 93; affd., 202 App. Div. 810; modfd. on another point and affd., 236 N. Y. 503; *Matter of Hart*, 205 App. Div. 703.) The gifts in Mr. Doheny's will are absolute and not in trust.

The gifts are specified to be for purposes very clearly within the corporate capacity of the respective donees. They are not given upon condition; there is no provision for termination in case of diversion of the funds from the purposes indicated; there is no limitation over upon a variance in use by the corporation. The words of intention are clear, but do not impose a legal obligation. Charitable institutions ought to be scrupulous in the administration of funds received from benevolent, interested persons so as to comply with the intentions of the donors. We are not dealing, however,

with what ought to be done, but with what must be done. As long as the corporation uses the funds which are its property absolutely for its corporate purposes, neither the donor's representatives nor the State may intervene to require a strict compliance with the donor's expressed intentions. It is well within the corporate powers of the plaintiff to make payments upon the mortgage. It is not proposed by the plaintiff to use the fund for any purpose not authorized by its charter.

We, therefore, find no infringement of any legal obligation. (*Sherman* v. *Richmond Hose Co., supra; Johnston* v. *Hughes, supra.*) An instructive exposition of the principles concluding us in this case is found in Justice UNTERMYER's opinion in *Corporation of Chamber of Commerce of State of N. Y.* v. *Bennett* (143 Misc. 513).

In our opinion the paragraph at page 1094 of volume 2 of the Restatement of the Law of Trusts is not in accord with the law of this State. (See, also, Washington Univ. Law Quarterly, vol. XXIV, pp. 1, 30, 31.)

The judgment appealed from declared that the will of the testator in making the bequest to the plaintiff did not create a trust but made an absolute gift, and that the plaintiff might use the fund constituting the gift for any of its corporate purposes, including the payment of the principal and interest of the fund upon the mortgage debt. For the reasons given above the judgment should be affirmed, without costs.

All concur, except LEWIS, J., who dissents and votes for reversal on the law and for granting of judgment for the defendant in an opinion. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

LEWIS, J. (dissenting). The testator has bequeathed to the respondent hospital, a charitable corporation, a substantial sum, " to be held as an endowment fund and the income used for the ordinary expenses of maintenance." The respondent contends that, despite the form of the gift, it is not required by law to hold the bequest intact as an endowment fund and to limit the use of the income arising therefrom to ordinary expenses of maintenance. In fact, by the decision about to be made, the respondent is permitted to employ the entire bequest as a means of discharging the principal of a mortgage debt which is not shown to be due. Thus, by one transaction the fund is to be extinguished which its donor directed should be " *held* as an *endowment fund* " with a clearly designated use for the " income " therefrom.

I cannot share the view of a majority of the court which in effect disregards the testator's clear use of common words as a means

of expressing his intent. Can it be said that, by directing the hospital to " hold " the bequest, the testator intended that it might disburse the entire amount in one transaction? By adopting an interpretation which permits the immediate disbursement of the entire bequest, are we not according to the phrase " endowment fund " a meaning which disregards the element of permanency which that phrase imports — a permanent fund from which income is derived? (*Alumnæ Assn.*, etc., v. *Univ. of Pennsylvania*, 306 Penn. St. 283, 287; 159 A. 449.) And when we find that the testator has designated a definite use for the income to be derived from the bequest, does not the word " income " carry the clear implication that the fund comprising the bequest is to be held intact as a source of annual financial return? As these questions come to mind the majority opinion suggests the answer that " The words of intention are clear, but do not impose a legal obligation. * * * As long as the corporation uses the funds which are its property absolutely for its corporate purposes, neither the donor's representatives nor the State may intervene to require a strict compliance with the donor's expressed intentions."

It will be noted that the authorities chiefly relied upon to sustain that view are cases where the courts were called upon to apply the *cy pres* doctrine. In the case at hand, however, that doctrine is not applicable. We do not deal with a failure of a charitable purpose, nor with surplus funds beyond the reasonable needs of such a use. Rather is our problem, as I view it, the question whether the respondent, upon accepting and administering a sum bequeathed for a well-defined charitable use, may deviate from the clearly expressed purpose and intent of its benefactor. The fact that no express words of trust were employed by the testator does not give such freedom. (*Matter of Durbrow*, 245 N. Y. 469, 477; *Manley* v. *Fiske*, 139 App. Div. 665, 667; affd., 201 N. Y. 546.) In *Matter of Griffin* (167 N. Y. 71) Judge CULLEN, writing for the majority of the court, stated (p. 83): " I concede that a direction for the investment of a fund and application of its income would be sufficient to create a trust where it appeared from the terms of the will taken as a whole, and the situation of the parties, that such was the intent of the testator, even though he did not in express terms provide that the gift should be in trust."

In the will before us there pervades the testator's language a purpose to create a fund which will be permanent in character and will furnish a source of income to be used by the hospital "for the ordinary expenses of maintenance." We thwart that purpose when we so construe the will as to permit the destruction of the fund made available for a prescribed use.

In that connection I note in passing that we were not so unmindful of the donor's declared intent when we dealt with the problem presented by *Matter of Harrington* (243 App. Div. 235). After construing the will involved in that proceeding, our opinion concludes with the gratuitous suggestion that another proceeding of a specified type might well be instituted which would bring all proper parties into court and in the course of which (p. 239) " the court may direct the trustees of the original Rome Hospital in the carrying out of a plan to use the legacy in a manner substantially carrying out the benevolent aim of the testatrix."

There can be no doubt that it is within the present respondent's corporate purposes to retire the mortgage debt which incumbers its property but I cannot believe that the law gives to the respondent the unrestricted right to expend for that purpose a bequest which, when it was accepted, was burdened with the direction that it be " held as an endowment fund and the income used for the *ordinary expenses of maintenance.*" Whether we are to regard the respondent's duty, upon accepting a bequest thus burdened, as fiduciary in character or as impressed with a duty which bears some other legal label, I am not in accord with a ruling which construes as futile the clear language deliberately employed by the testator to define the use he intended for his gift. (See 2 Restatement of the Law of Trusts, chap. 11, p. 1094; 2 Perry on Trusts and Trustees [7th ed.], § 733, p. 1256.) Accordingly I dissent.

Judgment affirmed, without costs.