## In the Matter of the Estate of FREDERICK HOLTHAUSEN, Deceased.

Surrogate's Court, Kings County, March 6, 1941.

*Monroe, Byrne & Kaye* [*John D. Monroe, Arthur A. Kaye* and *Alan Waterman* of counsel], for Frederick A. Wobie, petitioner.

*Wingate & Cullen* [*Edward J. McDonald* of counsel], for the City Bank Farmers Trust Company, trustee of the trust created under

paragraph fourth of the last will and testament of Mary Holthausen, deceased.

*William J. Pape*, for Marea Jayne Wobie, infant contingent remainderman under the will of Mary Holthausen, deceased.

*Butler, Wyckoff & Reid*, for the Stuyvesant Square Hospital, contingent remainderman under the will of Mary Holthausen, deceased.

WINGATE, S. The issue in this proceeding is an extremely narrow one and hinges upon the question of whether a grandson of the testator, who was delivered eight months and six days after the death of the latter was a life " in being " at the death of the decedent within the terminology of section 42 of the Real Property Law.

The will of the testator, who died on May 6, 1912, erected a trust of five-eighths of his residuary estate for the life benefit of his widow and accorded her a power of appointment over the remainder. The widow died on March 23, 1940, and purported expressly to exercise this power of appointment by the gift of the principal in trust to City Bank Farmers Trust Company to pay the income to her grandson, who was born on January 12, 1913, until he attained the age of thirty years, when one-half of the principal was to be paid to him, and to continue the trust as to the balance until he attained the age of thirty-five years, at which time it, too, was to be delivered into his absolute possession. Certain alternate dispositions of the remainder are made on the condition that he shall fail to attain the indicated ages respectively. They are of no present importance since he is still living.

No testimony has been adduced respecting the time of conception of the grandson, wherefore the court is compelled to fall back upon the usually accepted inference that the period of gestation, in other words, the time which intervenes between conception and delivery, is nine months, or 280 days (*Matter of Wells*, 129 Misc. 447, 456; *People* v. *Farina*, 134 App. Div. 110, 112), of which the court is under obligation to take judicial notice. So far as the present record is concerned, it is, therefore, established that the grandson had been begotten prior to the death of the testator although his delivery in birth did not occur until later.

In 1929 (Laws of 1929, chap. 229, § 16) an addition was made to section 42 of the Real Property Law, which reads that " Lives n being or a minority in being shall include a child begotten before the creation of the estate but born thereafter." The petitioner contends that this enactment which, of course, became effective after the death of the testator, has no application to the present

question and his opponents apparently acquiesce in that position. The court is more doubtful of its correctness.

The will of the donee of the power was not executed unti 1936, some time after the statutory amendment became effective. The will of .the donor accorded her a general unconditioned power of appointment. Tested only by the authority granted in the will of the donor, there was no conceivable defect in its exercise. Whence, then, comes the limitation on her act of appointment? Obviously from the law. Under ordinary circumstances, however, the legal validity of an act must be tested by the law in force at the time and place when and where it was performed. (*Hynes* v. *McDermott*, 82 N. Y. 41, 58; *Matter of Smith*, 136 Misc. 863, 878.) Since, therefore, at the time of the direction by the donee that the trust be continued for the life of the grandson, the law clearly provided that the additional estate thus erected was not void as in violation of the State policy against undue restraint upon the alienability of property, it is at least arguable that the court should not resurrect an outmoded policy, granting for the moment that the statute effected an alteration in, and not merely a codification of, existing law, for the sole purpose of subverting and defeating the wishes both of the donor and the donee of the power.

Let it be supposed that the statute enacted in 1929 had placed additional limitations upon the permissible restraint on alienability of property instead, as is presently asserted, of liberalizing them. Would it be asserted that the courts could, as to acts performed thereafter, ignore the newly declared policy of the State and permit the application of outmoded rules of law inimical thereto? In other words, if the legislative policy as declared by the 1929 amendment had been to permit restraint for only a single life in being instead of the two previously permissible, would the courts permit this policy to be flaunted by a subsequent appointment for a second life merely because the policy of the State as existing a generation and a half before, would have permitted it?

Fortunately, no doubt, in view of the controversial nature of this conception, the decision of the validity of the secondary trust directed by the donee of the power need not be predicated on the applicability of the 1929 amendment. It has been the uniform and unvarying decision of all common-law courts in respect of estate matters for at least the past two hundred years that a child *in ventre sa mere* is " born " and " alive " for all purposes for his benefit. In *Wallis* v. *Hodson* (2 Atk. 115, 118; 26 Eng. Reprint, 472), decided on January 22, 1740, Lord Chancellor HARDWICKE said: " Nothing is more clear, than that this law considered a child

in the mother's womb absolutely born, to all intents and purposes, for the child's benefit."

Identical conceptions are found in many other English cases and in the early decisions in this State. (*Trower* v. *Butts*, 1 Sim. & Stu. 181, 184; 57 Eng. Reprint, 72; *Doe* v. *Clarke*, 2 H. Bl. 400; 126 Eng. Reprint, 617; *Steadfast* v. *Nicoll*, 3 Johns. Cas. 18, 24; *Marsellis* v. *Thalhimer*, 2 Paige Ch. 35, 39.)

Every recent decision in this State relating to estate matters in which the issue has been determined has held that such a child is " living " within the connotation of wills and statutes. (*Quinlan* v. *Welch*, 69 Hun, 584, 585; affd., 141 N. Y. 158; *Cooper* v. *Heatherton*, 65 App. Div. 561, 566; *Matter of Voight*, 178 id. 751, 756; *Matter of McEwan*, 202 id. 50, 53; *Matter of Wells, supra*, 452; *Matter of Abbe*, 138 Misc. 210, 212; *Matter of Wall*, Id. 213, 214; *Matter of Levy*, Id. 670, 671; *Matter of Gebhardt*, 139 id. 775, 776; *Matter of Wolf*, 140 id. 595, 596; *Matter of Crespi*, 158 id. 383, 387; *Matter of Lesser*, Id. 895, 899.)

That the gift to the petitioner is " for his benefit " within the foregoing principle is uncontrovertible and cannot depend upon the irrelevant collateral circumstance that the will of his grandfather made an alternate direction which would accrue to his benefit in the event of failure to exercise the power of appointment. The situation must be viewed as if this gift was the only method by which he could share in the estate, since the existing alternative gift is a purely fortuitous extraneous circumstance. Were the questioned exercise of the power the only means by which this could occur, he would unquestionably presently be contending for its validity with a vociferousness transcending even that with which he now asserts its invalidity.

Even were the court of the opinion, as an abstract matter, that the grandchild in the present case was not a life in being within the connotation of section 42 of the Real Property Law, which, most emphatically it is not, it would be precluded, on principles of *stare decisis*, from giving effect to such view, since the precise question was adjudicated by the Appellate Division for this department in *Cooper* v. *Heatherton* (*supra*), in which it was said: " I am of opinion that the child *en ventre sa mere* at the testator's death, which was born alive and lived, may be regarded as a life in being at the time of the testator's death within the purview of the statute."

The somewhat excessively redundant memorandum submitted on behalf of the petitioner has fallen into the error which has been made the subject of frequent judicial animadversion (See, *e. g.*, *Dougherty* v. *Equitable Life Assurance Soc.*, 266 N. Y. 71, 88;

*Gwynne* v. *Board of Education,* 259 id. 191, 196; *Matter of Suderov,* 156 Misc. 661, 664, 665; affd., 249 App. Div. 763; affd., 274 N. Y. 525; *Matter of Davison,* 137 Misc. 852, 858; affd., 236 App. Div. 684; *Matter of Gourlay,* 173 Misc. 930, 936) of attempting to bolster his argument by wresting excerpts from decisions in which the present issue was not involved. They, of course, possess no utility for this purpose. (*Colonial City Traction Co.* v. *Kingston R. R. Co.,* 154 N. Y. 493, 495; *Crane* v. *Bennett,* 177 id. 106, 112; *Hogan* v. *Board of Education,* 200 id. 370, 373.) For this reason alone the court will refrain from comment upon them. Their determinations merely reassert the principle that a trust may not validly be erected which is measured by the life of a person who was not in being at the date of the testator's death. They do not decide that a person *in ventre sa mere* at that time is not a person in being within the meaning of that rule. This is the sole present issue. The decisions hereinbefore cited, on the other hand, expressly determine that a person in that situation is deemed to be " in being," " born " and " alive " for all purposes here pertinent.

The case of *Drobner* v. *Peters* (232 N. Y. 220) possesses no present relevancy. It determined merely that an unborn child possesses no independent right of action for negligent injury inflicted upon its mother. The gist of the decision (p. 224) is as follows: " The injuries were, when inflicted, injuries to the mother. No liability can arise therefrom except out of a duty disregarded and defendant owed no duty of care to the unborn child in the present case apart from the duty to avoid injuring the mother."

Since, therefore, on the present record, it must be determined that the petitioner was begotten prior to the death of the original testator, such a person is deemed to be " alive " and " in being " for all purposes of estate law, and finally, on the authority of the determination of the Appellate Division for this department that a trust may validly be measured by such a life under the terms of the statute, the court determines that the exercise of the power of appointment here disclosed was valid.

Enter decree on notice in conformity herewith.