In the Matter of the Estate of CORNELIUS VANDERBILT, Deceased.

Surrogate's Court, New York County, May 29, 1944.

*William H. Hayes* for United States Trust Company of New York, as successor trustee, petitioner.

*Morris L. Ernst, Samuel J. Schur* and *Jerome Handler.* for Cornelius Vanderbilt, Jr., respondent.

*Sinclair Hamilton* for Grace V. Stevens, respondent.

*Davis Polk Wardwell Sunderland & Kiendl* for Central Hanover Bank and Trust Company, as surviving executor of General Cornelius Vanderbilt, deceased, respondent.

*McDonald E. Wrenn* for United States Trust Company of New York, as executor of Cornelius Vanderbilt, deceased, respondent.

*Cadwalader, Wickersham · & Taft* for Thomas B. Gilchrist, as general guardian of Gloria V. De Cicco, an infant.

*Abraham J. Halprin* and *Sidney R. Rossiter* for Ralph J. Cebrian, respondent.

*Milton W. Levy* for Emmanuel Lewin, as receiver, respondent.

*O'Brien, Driscoll & Raftery* for Citizens National Trust and Savings Bank of Los Angeles, California, respondent.

*James L. Duncanson,* attorney designated by Alien Property Custodian for Countess Alice Hadik and others, persons within designated enemy territory, respondents.

*Walter J. Dunnington,* special guardian for Cornelia V. Davis and others, infants, and Cornelius V. Whitney and others, persons in military service.

FOLEY, S. In this proceeding the successor trustee seeks a judicial settlement of its account of two trusts, one created for the benefit of Cornelius Vanderbilt, a son of the testator, as primary life tenant under the tenth article of the will, and the other created for the benefit of his daughter, Gladys Szechenyi, as primary life tenant under the eleventh article.

The successor trustee also seeks a construction of the tenth article. All of the parties who have appeared and the special guardian of the infants are in agreement on the question of interpretation. The Surrogate adopts the construction urged by them.

Under the tenth article the testator created a trust of the principal value of $1,000,000 for the primary life of his son, General Cornelius Vanderbilt. Doubt had arisen as to the secondary life estates and the life of the person which measured the duration of the trusts. The Surrogate holds:

(1) That the measuring life of the trust was the life of Grace Vanderbilt Stevens, a daughter of General Vanderbilt. At the time of the testator's death she was *en ventre sa mère* and was born thirteen days after the death of the testator. Under the will the secondary life interests were directed to be held " during the term of the natural life of the youngest child of my son Cornelius who may be living at the time of my death." The fact that she had been begotten before the creation of the estate is sufficient under the authorities and

the law to make her life the measuring life and to bring her within the description of the youngest child of General Vanderbilt living at the time of the testator's death. (*Cooper* v. *Heatherton*, 65 App. Div. 561; *Matter of Holthausen*, 175 Misc. 1022; Real Property Law, § 42.) The latter section was amended by chapter 229 of the Laws of 1929 upon the recommendation of the Decedent Estate Commission by the addition of the last sentence: " Lives in being or a minority in being shall include a child begotten before the creation of the estate but born thereafter." That such amendment was declaratory of the long-established prior law and the then existing law is demonstrated by the explanatory legislative note. It read: " While in legal contemplation a child is in being as soon as begotten, the proposed statutory declaration makes certain the application of the judicial rule to cases involving the suspension of the power of alienation." (Senate Pr. No. 1020.)

(2) After the death of the primary life tenant, the testator directed that the fund be divided into two equal parts representing the shares of the two children of General Vanderbilt. One of such parts was created for the use and benefit of Cornelius Vanderbilt, Jr., a son, the other for the use and benefit of Grace Vanderbilt Stevens, a daughter. The income of one part is payable to the son and the income of the other part to the daughter.

While there is some slight doubt as to the clarity of the expression of intent to pay the income of the shares to a specific person, the declared purpose, as revealed in the tenth and twelfth articles of the will, is sufficiently strong to permit of no other inference. The gift of the income to the secondary life tenant arises by clear implication. (*Mee* v. *Gordon*, 187 N. Y. 400; *Matter of Ogden*, N. Y. L. J., April 6, 1940, p. 1565, col. 6.)

(3) No present request is made for the construction of the ulterior gifts in the event that Cornelius, Jr., dies during the lifetime of his sister, Grace, or the ultimate dispositions of the remainders of the fund dependent upon his life or of the fund dependent upon the life of Grace. At the present time these questions are academic and determination is purposely deferred.

Certain questions have arisen as to payments claimed by parties strangers to the estate against the income of Cornelius, Jr. Clarification of one claim has been made by the disaffirmance of his assignee, the Citizens National Trust and Savings Bank of Los Angeles, California, of any claim to income. The assignee has only asserted a claim under the

assignment to it as against the principal of the fund subject to his life.

Further dispute has arisen between Ralph J. Cebrian, the judgment creditor of Cornelius, Jr., under a garnishee order directing the payment of 10% of his income from the trust, and Emmanuel Lewin, a receiver appointed by order of the Supreme Court, New York County, who claims the right to collect that part of the income. This dispute and the question of whether payment shall be made to the receiver or to the sheriff must be determined by the Supreme Court which made the orders creating the conflicting claims. Moreover a further complication has arisen because of the action in equity brought by Ralph J. Cebrian in the Supreme Court, New York County, to reach the surplus income beyond a reasonable annual amount necessary for the support of Cornelius, Jr. This action involves not only the income of Cornelius, Jr., from the trust for his benefit created in this estate, but also from two other trusts created in two other estates. Because of the pendency of this action and the necessity for a single determination in the three separate trusts, the Surrogate, in the exercise of his discretion, will not take jurisdiction of any application for the direct payment of surplus moneys out of the income. The action should proceed to judgment in the Supreme Court.

Submit decree on notice construing the will and settling the account accordingly.