Laurence D. Wood, S.
This is a proceeding for judicial settlement of the account of First Trust & Deposit Company as trustee under the will of James Henry Phares, deceased, who *2 died a resident of Onondaga County, December 28, 1925. In connection therewith, the trustee has requested a construction of the Fourth paragraph of the will dated October 23, 1922, and admitted to probate January 21,1926, in order to determine who are the remaindermen under the trust created by said will. The said paragraph Fourth reads as follows: “ fourth: Upon the death of my said wife my said trustee shall pay over to my daughter, Ida May Myers, the income of the said trust fund as long as she may live. Upon the death of my said wife and daughter, in case my daughter leaves descendants, the property hereby given in trust shall go to said descendants equally, share and share alike; but, if she dies leaving no descendants, said property shall go to my heirs and next of kin as provided by the laws of the State of New York in case of intestacy. ’ ’
Ida May Myers died on or about March 24, 1962, survived by two children, Winthorpe P. Myers and James P. Myers. The said Winthorpe P. Myers has a daughter, Marilyn Myers Evon and James P. Myers has a son, James Phares Myers. At the time of the death of the said Ida May Myers on March 24, 1962, her granddaughter, Marilyn Myers Evon, had an unborn child, Stephen Thomas Evon, who was subsequently born on August 24,1962.
The main question at issue is whether all of these descendants of Ida May Myers take the remainder of the trust per capita or only her two sons take per stirpes. It is important to note that the Fourth paragraph of the will uses the word “ descendants ” but does not use the word “ issue ”. Section 47-a of the Decedent Estate Law enacted in the year 1921 and, therefore, in effect herein, used the word “ issue ” but not the word “ descendants ”. Under the common law, the rule was firmly established that a gift to either “ issue ” or “ descendants ” was presumed to be per capita. (Soper v. Brown, 136 N. Y. 244; Matter of Gardiner, 20 Misc 2d 722.) It is also a well-known rule of law that statutes in derogation of the common law must be strictly construed. (50 Am. Jur., Statutes, § 402.)
This court is inclined to feel that had the Legislature intended the meaning of the word “ descendants ” to be governed by section 47-a of the Decedent Estate Law, it would have in some manner made it clear. In the absence of such indication or of any definite appellate court decision, this court is hesitant to add to the scope of such a statute in derogation of the common-law rule.
The courts, in passing on this question, have referred to a “ glimpse of a different intention gleaned from a reading of the Will”. Here we can find no such glimpse of a different *3 intention from a per capita distribution, but on the contrary, the words “equally share and share alike” as contained in paragraph Fourth of the will, strengthen a finding of testator’s intention of per capita distribution. (Matter of Miller, 6 Misc 2d 731.)
The decision which most strongly impresses this court on this question is Matter of Gardiner (30 Misc 2d 722) and the authorities cited therein.
In the Gardiner case, the testator was a lawyer who drew his own will subsequent to the enactment of section 47-a of the Decedent Estate Law. In the case before us, the will was drawn shortly after the passage of the said section 47-a by a local lawyer well known in this community for precision and careful use of language. This lawyer was named as one of the executors of said will. At that time, no authority extant brought the word “ descendants ” within the scope of said section 47-a.
This court has weighed all of the authorities available on this question including the case of Matter of Schoellkopf (21 Misc 2d 564) which reaches the opposite result of the Gardiner case.
It is the decision of this court that by the use of the word “ descendants ” coupled with the words “ equally share and share alike ” the testator herein intended a per capita distribution of the remainder of the trust. The infant, Stephen Thomas Evon, being en venire sa mere at the time of the death of Ida May Myers, is one of the descendants entitled to a per capita share of the remainder of the trust. (Matter of Gebhardt, 139 Misc. 775; Matter of Wolf, 140 Misc. 595; Matter of Holthausen, 175 Misc. 1022.)
The .said infant will take a per capita share of the trust remainder, share and share alike equally with each of the other descendants of Ida May Myers, namely, Winthorpe P. Myers, James P. Myers, Marilyn Myers Evon and James Phares Myers.